Belknap
No. 89-232

THE STATE OF NEW HAMPSHIRE

v.

CHRISTOPHER B. HALL

July 27, 1990

447

*John P. Arnold,* attorney general (*Tina Schneider,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief for the defendant.

BROCK, C.J.   The defendant appeals from a jury verdict in the Superior Court (*Murphy,* J.) finding him guilty of the class B felony of disobeying an officer with personal injury resulting to another, RSA 265:4, II. Challenging his conviction, the defendant claims that the trial court erred in failing to instruct the jury on the offense of simple assault, RSA 631:2-a, I(b), which he contends is a lesser-included offense of disobeying an officer with personal injury resulting. For the reasons set forth below, we affirm.

On the evening of July 31, 1988, the defendant, Christopher B. Hall, his brother, Brian, and a companion, Lori, left a bar in Laconia.

The defendant had been waiting outside for the others, sitting on his motorcycle in order to "get some air." He attempted to persuade his girl friend to ride on the back of his brother's motorcycle, rather than his own, because he felt "too drunk" to drive. However, the girl friend testified at trial that she "wanted to ride with Chris." She therefore insisted upon riding with the defendant, and the three friends embarked for home, with the defendant and his girl friend riding together, and the defendant's brother riding next to them, alone.

At approximately 1:00 a.m., a Laconia police officer was parked in a marked patrol car in downtown Laconia when he heard the high-pitched sound of approaching motorcycles. After the motorcycles sped past him, traveling at 60–65 m.p.h. in a 30 m.p.h. zone, the officer gave chase, activating all of the emergency equipment on his cruiser, including the siren. The drivers of the motorcycles looked back at the officer and then accelerated to 75 m.p.h.

The police officer notified police headquarters that he was pursuing two motorcycles in a high-speed chase and was approaching an intersection known as "Busy Corner." According to the officer's testimony, the motorcycles reached the intersection when the street light was red and the northbound route "looked like a tunnel of blue lights of cruisers." Although both motorcycles went through the red light, one pulled over immediately thereafter, while the other, operated by the defendant, made a sharp left turn.

A police cruiser followed the defendant in close pursuit, passing other vehicles at 95 m.p.h., until eventually the defendant turned onto Blueberry Lane. There, his motorcycle crossed the road onto the soft shoulder and hit a brick pillar, throwing the defendant and his passenger into a nearby woods. The defendant suffered a gash under his eye, and his companion suffered a broken leg.

At trial, the defendant requested a jury instruction on the offense of simple assault by recklessly causing bodily injury to another, but the court denied his request, instructing the jury only on the charged offense of disobeying an officer. The defendant's sole contention on appeal is that the jury should have been permitted to find him guilty of the lesser offense of assault, and he argues that the court erred in refusing to give the requested instruction. We disagree.

The only issue we consider is whether simple assault under RSA 631:2-a, I(b) can properly be classified as a lesser-included offense of disobeying an officer under RSA 265:4, II. In relation to a charged crime, a lesser-included offense is one which "must neces-

sarily be included" in the greater offense. *State v. O'Brien*, 114 N.H. 233, 235–36, 317 A.2d 783, 784 (1974). A lesser offense is necessarily included in a charge of the greater "if the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense." *State v. King*, 105 N.H. 47, 48, 192 A.2d 603, 604 (1963) (citation omitted); *see also State v. Mallar,* 127 N.H. 816, 820, 508 A.2d 1070, 1072–73 (1986); *State v. Cimino*, 126 N.H. 570, 576, 493 A.2d 1197, 1202 (1985); *State v. Merski*, 123 N.H. 564, 567, 465 A.2d 491, 493 (1983). Accordingly, this court has long adhered to an elements test for defining lesser-included offenses, whereby one offense is necessarily included in another only when the elements of the lesser offense form a subset of the elements of the larger, charged offense. *Cf. Schmuck v. United States*, 109 S. Ct. 1443, 1450 (1989) (adopting the elements approach under Federal Rules of Criminal Procedure 31(c)).

■■ Moreover, as a separate and independent prerequisite, the evidence adduced at trial must provide a rational basis for a finding of guilt on the lesser offense rather than the greater offense. *State v. Cameron*, 121 N.H. 348, 350, 430 A.2d 138, 139 (1981); *State v. Boone*, 119 N.H. 594, 597, 406 A.2d 113, 114 (1979). Our cases clarify that a defendant is entitled to a jury instruction on a lesser-included offense only "when a conviction as to the lesser offense would be compatible with the evidence at trial." *Nichols v. Helgemoe*, 117 N.H. 57, 60, 369 A.2d 614, 617 (1977); *see also State v. Berry*, 124 N.H. 203, 206, 470 A.2d 881, 883 (1983); *State v. Howland*, 119 N.H. 413, 417, 402 A.2d 188, 191 (1979).

■ In determining whether the first prerequisite, the elements test, has been met, it is not enough that the evidence offered by the prosecution to prove the charged offense would also be sufficient to prove the lesser offense; rather, to be necessarily included in the offense charged, the lesser offense must be embraced within the legal definition of the greater offense. Thus, the elements test requires a comparison of the statutory elements of the offenses in question without reference to the evidence adduced at trial.

■ This requirement is based in part upon the "ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him." *Schmuck v. United States*, 109 S. Ct. at 1451. Where the indictment contains the elements of both offenses, it gives notice to the defendant that he may be convicted of either charge. *Id.*

Accordingly, the threshold issue in this case is whether the elements of simple assault under RSA 631:2-a, I(b), the alleged lesser-included offense, constitute a subset of the elements of disobeying an officer.

Under RSA 265:4, I(c), the elements of disobeying an officer are: (1) driving a motor vehicle, and (2) purposely neglecting to stop when signaled to stop by a law enforcement officer or willfully attempting to elude pursuit by a law enforcement officer. In order to classify the offense as a class B felony under RSA 265:4, II, the prosecution must prove the additional element of (3) personal injury sustained in a collision resulting from the driving of a vehicle which is evading pursuit by a law enforcement officer. We note that RSA 265:4, II specifies no culpable mental state with regard to the final element required for conviction of a class B felony. The additional element of personal injury must be proved only in order to classify the offense as a class B felony. *See State v. Etzweiler*, 125 N.H. 57, 66, 480 A.2d 870, 875 (1984). By contrast, RSA 631:2-a, I(b) requires that a defendant "recklessly cause bodily injury to another."

■ Although the element of personal injury is common to both offenses, the essential difference is that the personal injury required under RSA 265:4, II need not be actuated by recklessness or any culpable mental state. Whether or not inferences of recklessness may be drawn from the evidence introduced at trial, a textual comparison of the criminal statutes at issue reveals that the defendant could have been convicted of the class B felony charged without proof that he had acted recklessly in causing the accident or injury, as distinguished from his refusal to stop or his attempt to elude pursuit. The elements test is therefore dispositive. The elements of the defendant's alleged lesser offense do not constitute a subset of the elements of the crime with which he was actually charged, and the trial court did not err in refusing the defendant's lesser-included offense instruction.

*Affirmed.*

HORTON, J., did not sit; THAYER, J., dissented; the others concurred.

THAYER, J., dissenting: Because the majority conclude that RSA 265:4, II requires no proof of a culpable mental state with respect to the resulting personal injury, I respectfully dissent. The majority's holding dispenses with the general requirement of RSA 626:2, I, that a culpable mental state be proven with respect to each material element of an offense. In the context of RSA 265:4, II, personal injury is

clearly a material element. I would hold, therefore, that the State is required to prove a culpable mental state with respect to the personal injury element, which would result in RSA 631:2-a, I(b) being a lesser-included offense of RSA 265:4, II. Accordingly, I would reverse.