Sullivan
No. 94-243

### THE STATE OF NEW HAMPSHIRE

v.

### CHARLES PECK

October 27, 1995

*Jeffrey R. Howard*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief), for the State.

*James E. Duggan*, chief appellate defender, of Concord, and *Rebecca Thorne*, public defender, of Stratham, by brief for the defendant.

MEMORANDUM OPINION

BATCHELDER, J. The defendant, Charles Peck, was convicted of theft by unauthorized taking, RSA 637:3 (1986), after a jury trial in Superior Court (*Morrill*, J.). On appeal, he argues that the Superior Court (*Lynn*, J.) erred in denying his motion to dismiss the indictment, and that the trial court erred in refusing to instruct the jury that it could find the defendant guilty of shoplifting as a lesser-included offense. We affirm.

On April 23, 1993, the defendant removed two cartons of cigarettes, valued at $39.04, from a display rack at the Ames Department Store in Newport, concealed them under his coat, and left the store without paying for them. The defendant was charged with the felony of theft by unauthorized taking based on his six prior theft-related convictions, RSA 637:11, II(b) (Supp. 1994), and was convicted.

On appeal, the defendant first argues that the State should have been required to charge him with the more specific offense of shoplifting, *see* RSA 644:17 (1986), a misdemeanor. Apart from vague references in his brief to "due process and equal protection rights under the New Hampshire Constitution," the defendant does not mount a constitutional attack on appeal, and we therefore do not undertake a constitutional analysis. *See Keenan v. Fearon*, 130 N.H. 494, 499, 543 A.2d 1379, 1382 (1988).

The general rule is that

> when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.

*United States v. Batchelder*, 442 U.S. 114, 123–24 (1979) (citations omitted). The defendant relies primarily on *State v. Bell*, 125 N.H. 425, 480 A.2d 906 (1984), in which we stated:

> It is a well-recognized rule of statutory construction that where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the latter will be regarded as an exception to the general enactment where the two conflict.

*Id.* at 432, 480 A.2d at 911. The context in which we made the above statement, however, and the actual statutory scheme at issue here reveal that the defendant's reliance is misplaced.

■ *Bell* involved a general and a specific statute each of which prescribed a different burden of proof at trial. *Id.* It did not concern, as does the defendant's situation, criminal conduct that violates two different statutes and a prosecutorial decision to charge under one rather than the other. With no claim that the prosecutorial discretion was exercised in a discriminatory manner, the prosecutor's decision to charge under the more general statute was permissible. *See Batchelder,* 442 U.S. at 123–24. The choice of statutes having been made, no issue of statutory construction arises, and *Bell* is inapposite.

The defendant next argues that the trial court erred in refusing to instruct the jury that it could find him guilty of shoplifting as a lesser-included offense of the charged theft. "A lesser offense is necessarily included in a charge of the greater if the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense." *State v. Hall,* 133 N.H. 446, 449, 577 A.2d 1225, 1226 (1990) (quotation omitted). This so-called "elements test" is a "first prerequisite" in determining whether an offense is lesser-included to another, *id.,* and comparison of the elements of shoplifting and theft demonstrates that the former is not a lesser-included offense of the latter.

■■ Theft by unauthorized taking is committed when a person "obtains or exercises unauthorized control over the property of *another* with a purpose to deprive him thereof." RSA 637:3, I (emphasis added). Shoplifting, however, is committed when a person "with the purpose of depriving a *merchant* of *goods or merchandise* . . . knowingly . . . [r]emoves goods or merchandise from the *premises* of a merchant." RSA 644:17, II (emphasis added). The "proof necessary" to establish theft—the greater offense—will not "of necessity establish every element" of shoplifting—the putative lesser-included offense: proof of stealing any type of property from any class of persons (theft) will not "of necessity" establish the offense of stealing goods or merchandise from a merchant's premises (shoplifting). *See Hall,* 133 N.H. at 449, 577 A.2d at 1226. Because the "elements test requires a comparison of the statutory elements of the offenses in question without reference to the evidence adduced at trial," *id.,* the fact that the evidence in this case may have established the offense of shoplifting does not mandate a

finding that it is a lesser-included offense. *See id.* The trial court thus did not err in refusing to give the requested instruction.

*Affirmed.*

All concurred.