Concord District Court
No. 2000-138

IN RE NATHAN L.

July 13, 2001

*Philip T. McLaughlin*, attorney general (*Constance N. Stratton*, assistant attorney general, on the brief), for the State.

*Sakellarios & Associates*, of Manchester (*Jean-Claude Sakellarios* and *Mary A. Barker* on the brief), for the defendant.

DUGGAN, J. The juvenile, Nathan L., was charged as a delinquent with second-degree assault, RSA 631:2, I(a) (1996), and riot, RSA 644:1, I(a) (1996). After a bench trial in Concord District Court, the Court (*Robbins*, J.) acquitted the juvenile of riot but entered a finding of true on the delinquency petition, concluding that he had committed simple assault, RSA 631:2-a, I(a) (1996), as a lesser-included offense of second-degree assault. On appeal, the juvenile argues that: (1) where neither the prosecution nor the defense requests the trier of fact to consider a lesser-included offense, the trier of fact is precluded from doing so; (2) the trial court erred in concluding that simple assault by unprivileged physical contact is a lesser-included offense of second-degree assault; and (3) a finding of true on an uncharged offense, without notice, unfairly surprised the juvenile and prejudiced his case. We reverse and remand.

Based upon the evidence adduced at trial, the trial court could have found the following facts. On October 27, 1999, the Concord police received a report of a fight in Bicentennial Square. Upon the officers' arrival at the scene, they observed several individuals, including Jason Jacklyn. Jacklyn had two large lacerations on his head. He testified that he had been beaten up and struck on the head and back with a stick, a trash can and baseball bats. He was, however, unable to identify his assailants.

An eyewitness was able to name seven people involved in the altercation. At trial, the eyewitness testified that the juvenile struck Jacklyn over the head and back with a broomstick. He said that another person hit Jacklyn in the back with a wire mesh trash can and that this person and the juvenile pushed Jacklyn over a balcony outside the witness's direct view and continued to beat him. The witness said that the cut on Jacklyn's head appeared to be the location where he had been hit with the broomstick, but he could not tell whether the cut was caused by the trash can or the stick. On cross-examination, the defense challenged the witness's credibility and recollection of the events. After the close of the State's case, the defense rested, presenting no evidence.

The delinquency petition charging second-degree assault alleged that the juvenile "knowingly caused serious bodily injury to Jason Jacklyn by hitting Jason Jacklyn about the head and body with a wooden club, thereby causing Jacklyn to suffer two lacerations to the scalp and multiple contusions." At the conclusion of the trial, the court carefully reviewed the evidence in light of the allegations in the petition and ruled that it was "unable to conclude beyond a reasonable doubt that the injuries sustained by JACKLIN in this brawl were inflicted by the juvenile." The court, however, concluded that "the finding of delinquency entered here is by virtue of the juvenile violating the provisions of RSA 631:2-a, I(a), simple assault by unprivileged physical contact by striking JACKLIN with a mop or broom handle."

The defense filed a post-trial motion admitting that "Simple Assault is a lesser-included offense to the charge of 2nd Degree Assault filed in this case" but contending that it was error for the court to enter a finding of delinquency *sua sponte* on the lesser-included offense when neither the defense nor the State had requested its consideration. The trial court denied the motion. Thereafter, at the dispositional hearing, the defense again raised the question of the propriety of the court's consideration of simple assault, this time arguing, contrary to its admission in the earlier motion, that simple assault was not a lesser-included offense of second-degree assault in this case. The court heard the State's argument in opposition, treated the defense argument as a motion for reconsideration, and denied the motion.

On appeal, the juvenile first argues that in New Hampshire consideration of a lesser-included offense is "*entirely dependent* on the request of either the prosecution or the defense." He points out that in *State v. O'Brien*, 114 N.H. 233, 235 (1974), we said, "An instruction on a lesser-included offense should be freely given

where counsel requests it and it is compatible with the evidence of the trial." A close reading of *O'Brien* and later cases, however, reveals that these cases do no more than restate the well-accepted rule that the defense is entitled to have the trier of fact consider a lesser-included offense if two prerequisites are met. First, "the lesser offense must be embraced within the legal definition of the greater offense. [This] requires a comparison of the statutory elements of the offenses in question without reference to the evidence adduced at trial." *State v. Hall*, 133 N.H. 446, 449 (1990). Second, "the evidence adduced at trial must provide a rational basis for a finding of guilt on the lesser offense rather than the greater offense." *Id.*

Our cases also have made clear that, upon request, the prosecution is entitled to have a lesser-included offense considered over the objection of the defense if the evidence justifies it. *See State v. Howland*, 119 N.H. 413, 416-17 (1979). This court, however, has not until now been required to decide whether the trial court can, as the trier of fact, convict a defendant of a lesser-included offense without a request from the prosecution and over the objection of the defense.

At the outset, we note that virtually all the cases addressing this issue involve instructions to a jury in adult criminal proceedings. Nonetheless, the principles underlying those cases are fully applicable to our analysis here. Both adults and juveniles are entitled to constitutionally adequate notice of the charges before trial. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amends. V, XIV; *In re Gault*, 387 U.S. 1, 31-34 (1967). In both adult and juvenile proceedings, the trier of fact must find that the charge has been proved beyond a reasonable doubt. RSA 169-B:17; *see In re Winship*, 397 U.S. 358, 368 (1970). While a judge is the trier of fact in a juvenile delinquency proceeding and a jury is usually the trier of fact in an adult criminal trial, their functions in determining the culpability of the accused are the same. Thus, for purposes of determining whether the trier of fact can or must consider lesser-included offenses, there is no significant difference between adult criminal proceedings and juvenile delinquency proceedings.

Courts have taken three different approaches to the role of the trial court in determining whether to instruct a jury on lesser-included offenses when neither side requests the instruction.

One view is that the trial court is obligated to instruct on lesser-included offenses when the evidence warrants it. *See, e.g., State v. Hicks*, 84 S.E.2d 545, 547 (N.C. 1954) (trial court must

submit lesser-included offense instruction to jury "whether requested to do so or not" if evidence so warrants); *United States v. Cooper*, 812 F.2d 1283, 1286 (10th Cir. 1987) (trial court must instruct on lesser-included offense "as required by the evidence and the law where the parties so request or not, and to do so although objections are made"); *People v. Wickersham*, 650 P.2d 311, 323 (Cal. 1982) (trial court must instruct on appropriate lesser-included offenses supported by evidence even if neither side requests such instructions), *overruled on other grounds by People v. Barton*, 906 P.2d 531 (Cal. 1995).

The rationale for placing the onus on the trial judge is that the judge's role is to "fully instruct the jury on the law applicable to each particular case." *Id.* at 319. The trial court thus has an obligation to give instructions on lesser-included offenses where the evidence raises a question as to whether all elements of the charged offense were present. *See id.*

> The fulfillment of this obligation ensures that the jury will consider the full range of possible verdicts—not limited by the strategy, ignorance, or mistakes of the parties. The jury should not be constrained by the fact that the prosecution and defense have chosen to focus on certain theories. . . . [W]here counsel is not aware of alternative verdicts or incorrectly believes them to be irrelevant to the case, the trial court's action will avoid an unwarranted all-or-nothing choice . . . .

*Id.* at 319-20; *see State v. Powell*, 419 A.2d 406, 413 (N.J. 1980), *cert. denied*, 434 A.2d 81 (N.J. 1981) (in murder case, court must instruct on lesser-included offense supported by evidence even when not requested by either party); *People v. Jenkins*, 236 N.W.2d 503, 504 (Mich. 1975) (same).

At the other end of the spectrum is the view that the trial court should not interfere in the tactics of the lawyers.

> The better view . . . is that the trial court ordinarily should not give a jury an instruction on an uncharged lesser included offense where neither side requests or affirmatively agrees to such instruction. . . . There is no requirement that the jury pass on each possible offense the defendant could have committed. We permit, for example, the State to nolle prosse an offense, and we allow plea bargains.

*Hagans v. State*, 559 A.2d 792, 804 (Md. 1989).

This approach is premised on the notion that ours is an "adversarial system of justice" and on the "public policy of allowing trial counsel to conduct the case according to his or her own strategy." *State v. Sheppard*, 832 P.2d 370, 373 (Mont. 1992). Thus, "the prosecution and defense must have the option of foregoing a lesser charge for strategic reasons." *Id.*

Both of these approaches are flawed. Requiring the trial judge *sua sponte* to raise all possible lesser-included offenses would lead to claims of error on appeal and collateral attack even when counsel has not objected at trial. This would be inconsistent with our well-settled rules regarding preservation of issues for appeal. On the other hand, prohibiting the trial court from ever raising lesser-included offenses would abdicate to the lawyers the court's responsibility to protect the public's interest in a just result of the trial.

Because of these flaws, some courts have adopted a middle ground that permits, but does not require, the trial judge to instruct on lesser-included offenses when neither side requests the instruction.

> [W]hen the evidence authorizes a charge on an offense included in the offense for which the defendant is being tried, the trial court is authorized to instruct the jury on the included offense *sua sponte*.

*Powell v. State*, 510 S.E.2d 18, 21 (Ga. 1998); *see State v. Pribil*, 395 N.W.2d 543, 549 (Neb. 1986).

This approach recognizes that the strategic considerations of the prosecution and the defense should not invariably dictate the options available to the jury. *See People v. Chamblis*, 236 N.W.2d 473, 476 (Mich. 1975). Even though the prosecution may believe that the evidence is sufficient to convict on the most serious charge and the defense may be willing to risk conviction on that charge, their combined willingness to bar consideration of a lesser charge supported by the evidence ignores the overriding public interest in the trial. The values of the adversary system should not trump the need for a fair and just result.

> It is the duty of the trial court to instruct the jury as to the law applicable to the case. Neither the defense nor the prosecution has the option of precluding the court from carrying out this duty in hopes of forcing an "all or nothing" verdict.

*Id.* (citations omitted).

In fulfilling the obligation to assure that the proper legal principles are applied to the facts, the trial court is more than a passive participant. It has an independent responsibility to determine the law to be applied in each case. In exercising that responsibility, the court must be able, either in reaching a verdict as the trier of fact or instructing the jury, to consider appropriate lesser-included offenses.

There may, however, be cases where the trial judge agrees with the parties that, even though the evidence supports a lesser-included offense, no such instruction should be given to the jury, or, as in this case, considered by the judge as the trier of fact. The court may then, in the exercise of its sound discretion, decide not to consider the lesser-included offense. This discretion, of course, does not affect the well-established rule that in some circumstances the trial judge must accede to a defense request for instruction on a lesser-included offense. *See, e.g., State v. Cameron*, 121 N.H. 348, 350-51 (1981).

■ We therefore hold that a trial court has the discretion to raise a lesser-included offense *sua sponte* at the conclusion of the trial for submission to the jury or to consider it as the trier of fact in a non-jury trial. The better practice is for the court to indicate to the parties at the close of the evidence its intention to raise a lesser-included offense and to give both sides an opportunity to express their views on the subject. Even if both sides object, however, the court may consider the lesser offense if the two prerequisites for doing so are met.

■ In this case, the first of the two prerequisites, that "the elements of the lesser offense form a subset of the elements of the larger, charged offense," *Hall*, 133 N.H. at 449, was not met. This so-called "elements test" requires "a comparison of the statutory elements of the offenses in question without reference to the evidence adduced at trial." *State v. Peck*, 140 N.H. 333, 335 (1995) (quotation omitted). The elements of second-degree assault with which the juvenile was charged are that the defendant: (1) act knowingly or recklessly; and (2) cause serious bodily injury to another. *See* RSA 631:2, I(a). The elements of the variant of simple assault relied upon by the trial court are that: (1) the defendant act purposely or knowingly; (2) the defendant cause physical contact to another; and (3) such contact be unprivileged. *See* RSA 631:2-a, I(a). The first element of each, the *mens rea* of "knowingly," with which the juvenile was charged, is included in both offenses. The second and third elements of simple assault, causing physical contact and

lack of privilege, however, are elements that are not contained in second-degree assault, as it is possible to cause serious bodily injury without physical contact and in situations of privilege. Unlike the State's burden in a trial for second-degree assault, in a trial for simple assault by unprivileged physical contact, the State must affirmatively prove the elements of physical contact and the lack of privilege. *See* RSA 625:10, :11, III(a) (1996). The elements of simple assault relied upon by the trial court in this case, therefore, do not form a subset of the elements of second-degree assault. Consequently, the court erred in concluding that simple assault by unprivileged physical contact is a lesser-included offense of second-degree assault.

"Because the elements test requires a comparison of the statutory elements of the offenses in question without reference to the evidence adduced at trial, the fact that the evidence in this case may have established the offense of [simple assault] does not mandate a finding that it is a lesser-included offense." *Peck*, 140 N.H. at 335-36 (quotation and citation omitted).

Because we reverse on statutory grounds, we do not address the juvenile's constitutional argument that he was unfairly surprised by the finding of true on the uncharged offense. *See Petition of Hoyt*, 143 N.H. 533, 536 (1999).

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.