Exeter District Court
No. 2004-787

THE STATE OF NEW HAMPSHIRE

v.

CATHY BURKE

Submitted: February 22, 2006
Opinion Issued: April 12, 2006

*Kelly A. Ayotte*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief), for the State.

*Patrick W. Fleming*, of Portsmouth, by brief, for the defendant.

DUGGAN, J. The defendant, Cathy Burke, appeals her conviction in Exeter District Court (*Cullen*, J.) for simple assault. *See* RSA 631:2-a, I(a) (1996). We affirm.

The trial court could have found the following facts. On July 14, 2004, the defendant attended a hearing at Rockingham County Superior Court. The hearing involved a motion filed by the defendant seeking the return of her personal property from a former boyfriend. This was the defendant's third hearing on that motion. The defendant's attorney, Kathleen Sternenberg, and the opposing attorney, Laura Gandia, were also present. After the hearing, Gandia, Sternenberg and the defendant exited the courtroom together. Gandia informed Sternenberg that her client was unlikely to comply with the trial court's order to return the defendant's property because he was on vacation in Florida. Gandia testified that the defendant then looked at her, said, "[H]e's not in Florida," and pushed Gandia on her left shoulder with enough force to move her body backwards. The defendant testified that she poked Gandia with her finger on her shoulder "[t]o get her attention" and "let her know that she was lying ... about where her client was." Gandia then said to Sternenberg, "[D]id you see what happened? She just pushed me." At that point, a bailiff approached to investigate the commotion.

The defendant was charged with one count of simple assault. *See* RSA 631:2-a, I(a). The complaint alleged that the defendant "knowingly cause[d] unprivileged physical contact to Laura Gandia by knowingly pushing her." Prior to trial, the defendant moved to dismiss the complaint on the grounds that RSA 631:2-a, I(a) is unconstitutionally vague and overbroad. The trial court denied the motion and, after trial, convicted the defendant of one count of simple assault. This appeal followed. *See* RSA 599:1-c, II (2001).

■ On appeal, the defendant argues that: (1) RSA 631:2-a, I(a) is unconstitutionally vague; and (2) insufficient evidence supports her conviction. Although the State does not challenge the adequacy of the defendant's brief on appeal, the special concurrence concludes that we should not reach the merits of the defendant's claims because it believes that she insufficiently briefed both of her arguments. We recognize that we may address the inadequacy of a party's argument on appeal even when the issue is not raised by the opposing party. *See* SUP. CT. R. 16(3), (6); *cf. Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004). We should not normally do so, however, where the argument is discernable and briefing inadequacies do not hinder or otherwise interfere with our review of the appeal. *Cf.* 5 AM. JUR. 2D *Appellate Review* § 578 (1995) ("Courts are

least likely to dismiss an appeal or impose other sanctions when briefing errors do not hamper the ability to dispose of the appeal or otherwise interfere with their review. Courts prefer to dispose of a case on the merits rather than to dismiss for deficiencies in a brief . . . . *In a criminal case, the appellate courts will address discernable issues on the merits.*" (emphasis added)); 5 AM. JUR. 2D *Appellate Review* § 867 ("Substantial compliance with the rules of appellate procedure . . . may be found sufficient to avoid dismissal of an appeal and allow the court to address the merits, at least where the moving party has suffered no prejudice.").

As to the vagueness issue, because the defendant failed to "unambiguously and specifically" invoke any provision of the New Hampshire Constitution in her brief, we address her vagueness claim under the Due Process Clause of the Federal Constitution only. *See Appeal of Morgan*, 144 N.H. 44, 46-47 (1999). The special concurrence would not even address this claim under the Federal Constitution because it argues that the defendant's brief "is devoid of any reference to the Federal Constitution, and she cites no federal cases in support of her argument."

We have never held that a party's failure to include a citation to a specific provision of the Federal Constitution precludes appellate review. In fact, in *State v. Goding*, 128 N.H. 267, 270 (1986), we reviewed a due process claim on appeal even though the defendant characterized it as a double jeopardy issue at trial. Here, the defendant's six-page argument clearly contends that the term "unprivileged" is "unconstitutionally vague." A citation to the Federal Due Process Clause adds nothing to our understanding of her argument.

Moreover, although the defendant cites no specific constitutional provision, she does cite statutory and case law. The defendant relies on cases decided under our State Constitution and such reliance is appropriate "because the Federal Constitution affords no greater protection than the State Constitution with regard to whether a statute is unconstitutionally vague." *State v. Porelle*, 149 N.H. 420, 423 (2003). She goes on in her brief to rely on the Model Penal Code and comparable statutes in other States. Thus, this is hardly a case where "off-hand invocations of [constitutional rights] are supported by neither argument nor by authority." *Keenan v. Fearon*, 130 N.H. 494, 499 (1988).

As to the defendant's sufficiency of the evidence claim, the special concurrence would hold that the defendant did not adequately argue the issue because "[t]he single paragraph in her brief devoted to this argument is merely an extension of her first argument that the statute is vague because it leads to absurd results." In her brief, the defendant's one and a quarter-page argument begins by claiming that "[w]hatever the

definition of unprivileged physical contact, the conduct at issue in this case should not be included." The defendant notes that the facts must be viewed in the light most favorable to the State and argues that the conduct here as a matter of law should not fall within "the definition of unprivileged physical conduct." While we agree that the defendant incorporates her first argument into her second, she clearly raises a separate sufficiency of the evidence claim that we will address on the merits.

 The constitutionality of a statute is a question of law. *State v. Bortner*, 150 N.H. 504, 510 (2004). We therefore review the trial court's determination *de novo*. A statute "may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests." *Chicago v. Morales*, 527 U.S. 41, 52 (1999). "Vagueness may invalidate a criminal law for either of two independent reasons." *Id.* at 56. "First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). "Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Id.*

RSA 631:2-a, I(a) provides that "[a] person is guilty of simple assault if he ... [p]urposely or knowingly causes bodily injury or unprivileged physical contact to another." The defendant first contends that this language is unclear because neither the statute nor our case law defines "unprivileged physical contact." We disagree.

██ "Unprivileged" means a "lack of privilege." *See In re Nathan L.*, 146 N.H. 614, 621 (2001). Privilege is defined as "a right or immunity granted as a peculiar benefit, advantage, or favor." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1805 (unabridged ed. 2002). Privilege can serve as "[a]n affirmative defense by which a defendant acknowledges at least part of the conduct complained of but asserts that the defendant's conduct was authorized or sanctioned by law." BLACK'S LAW DICTIONARY 1235 (8th ed. 2004). Accordingly, the plain meaning of "unprivileged physical contact" includes all physical contact not justified by law or consent.

The defendant argues that a broad interpretation of RSA 631:2-a, I(a) encourages arbitrary enforcement. The defendant hypothesizes that if we interpret the statute to forbid all physical contact not authorized by law or consent, even "slapping on the back as a form of greeting" could be criminalized. The State asserts that the statute's scienter requirement guards against the threat of arbitrary enforcement. Although we agree that the scienter requirement narrows the scope of conduct that the

statute proscribes, *see Hill*, 530 U.S. at 732, that requirement by itself does not necessarily prevent arbitrary enforcement.

◼ A statute encourages arbitrary enforcement where it promotes application on an *"ad hoc* and subjective basis." *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972). For example, in *Morales*, a plurality of the Court found that an ordinance which defined loiter as "to remain in any one place with no apparent purpose" encouraged arbitrary enforcement because it did "not provide sufficiently specific limits on the enforcement discretion of the police." *Morales*, 527 U.S. at 56, 64 (plurality opinion). Unlike the ordinance in *Morales*, however, RSA 631:2-a, I(a) does not relieve law enforcement of the burden to clearly articulate some form of "unprivileged physical contact" in order to allege a violation of the statute. Instead, the police must show that the contact at issue was not justified by law or consent. Like other criminal statutes, the enforcement of RSA 631-2:a, I(a) "requires the exercise of some degree of police judgment." *Hill*, 530 U.S. at 733. We conclude that our construction of RSA 631:2-a, I(a) adequately limits police discretion so as to make it unlikely that the law will be applied in an *"ad hoc* and subjective" manner. *Cf. Hill*, 530 U.S. at 733; *Grayned*, 408 U.S. at 114.

◼ The defendant further asserts that a "strict plain meaning analysis" of "unprivileged physical contact" yields a "patently absurd result." Specifically, the defendant hypothesizes that the plain meaning of the statute criminalizes tapping another on the shoulder "unless one asks for permission to touch the other's shoulder first." We find this argument unpersuasive. First, the defendant overlooks the general principle that consent may be express or implied. *See Fischer v. Hooper*, 143 N.H. 585, 597-98 (1999). Second, the defendant cites no authority for the proposition that a statute's proscription of a broad category of conduct, alone, renders it unconstitutionally vague.

◼ Finally, the defendant argues that insufficient evidence supports her conviction under RSA 631:2-a, I(a). "In an appeal challenging the sufficiency of the evidence, the defendant carries the burden of proving that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt." *State v. Emery*, 152 N.H. 783, 788 (2005) (quotation omitted). The defendant, however, concedes that she engaged in physical contact with Gandia. Moreover, the record contains testimony that the defendant acted knowingly and that her conduct was not justified by law or consent. Therefore, we find that the trial court reasonably could have concluded that the defendant committed simple assault under RSA 631:2-a, I(a) by

"knowingly caus[ing] unprivileged physical contact to [Gandia] by knowingly pushing her."

*Affirmed.*

DALIANIS, GALWAY and HICKS, JJ., concurred; BRODERICK, C.J., concurred specially.

BRODERICK, C.J., concurring specially. I agree with the affirmance in this case. I write separately, however, simply because I would not reach either of the issues addressed by the majority.

Prior to trial, the defendant, Cathy Burke, unsuccessfully moved to dismiss the complaint against her "based on the Constitutional doctrine of vagueness and overbreadth." Specifically, she argued: "I believe that [RSA 631:2-a, I(a)] is unconstitutionally vague and/or overbroad, and should be found that way and thus is a violation of due process, since that right is guaranteed by both the State and Federal Constitutions." The defendant's notice of appeal claims that the trial court erred in denying her motion to dismiss, "based on the argument that the [statute] is unconstitutionally vague and/or overbroad." The majority refuses, and I agree with that refusal, to address the defendant's claim within the context of our State Constitution because she failed to unambiguously and specifically invoke any provision of the New Hampshire Constitution in her brief.

The majority does, however, proceed to address the defendant's argument under the Due Process Clause of the Federal Constitution. Given the state of the defendant's brief, I would additionally choose not to address her claim of error within the context of our Federal Constitution. *Compare, e.g., Appeal of Morgan*, 144 N.H. 44, 46-47 (1999) (where petitioner cited State and Federal Constitutions below, but failed to unambiguously and specifically raise vagueness issue grounded in due process provision of State Constitution, we addressed only federal claim), *with State v. Burr*, 142 N.H. 89, 91-92 (1997) (where defendant's brief advanced argument under both State and Federal Constitutions, but failed to further devote anything more than passing reference to Federal Constitution, federal claims waived and discussion of argument limited to State Constitution).

The defendant's brief is devoid of any reference to the Federal Constitution, and she cites no federal cases in support of her argument. Of the seven New Hampshire cases cited in her brief, only two concern statutory vagueness, and, in those two cases, we addressed the vagueness issue only under our State Constitution, *see State v. Saucier*, 128 N.H. 291, 296-97 (1986); *State v. Glidden*, 122 N.H. 41, 45-47 (1982). I would choose not to employ a more lenient standard in deciding whether to reach the

defendant's argument under the Federal Constitution in this case. *See, e.g., State v. Chick*, 141 N.H. 503, 504 (1996) (although defendant's brief claimed violation of right to due process under Part I, Article 15 of State Constitution, and Fifth and Fourteenth Amendments to Federal Constitution, claim waived where brief failed to further elaborate on argument; passing reference to due process, without more, not substitute for valid constitutional argument); *see also State v. McIntyre*, 151 N.H. 465, 469 (2004) (declining to address arguments concerning due process rights under State and Federal Constitutions when not adequately briefed); *State v. Schultz*, 141 N.H. 101, 104 (1996) (same); *Keenan v. Fearon*, 130 N.H. 494, 499 (1988) (off-hand invocations of constitutional rights supported by neither argument nor authority warrant no extended consideration).

In addition, I would not give the defendant credit for adequately arguing that the evidence to support her conviction was insufficient. The single paragraph in her brief devoted to this argument is merely an extension of her first argument that the statute is vague because it leads to absurd results. *See e.g., State v. Blackmer*, 149 N.H. 47, 49 (2003) (complaint without developed legal argument insufficient to warrant judicial review).