# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0505, <u>State of New Hampshire v. Wilkens Duterville</u>, the court on December 23, 2015, issued the following order:**

Having considered the memoranda of law and record submitted on appeal, we conclude that a formal written opinion is unnecessary in this case. The defendant, Wilkens Duterville, appeals his conviction, following a bench trial in the Circuit Court (<u>Morrison</u>, J.), for failure to yield. <u>See</u> RSA 265:53 (2014). He argues that the evidence presented by the State did not support his conviction. We affirm.

The only witness who testified at trial was New Hampshire State Police Trooper Doran. He testified that at 3:40 p.m. on May 5, 2014, he was traveling northbound on Route 125 in Lee. He observed a tractor-trailer at the exit of a trucking terminal located on the northbound side of Route 125. As Doran approached, the tractor-trailer appeared to "lurch forward," causing Doran to "tap the brakes" and "slightly swerve to the left to avoid the vehicle." After he passed the truck, Doran observed in his mirror that "traffic south bound had to brake abruptly and come to a complete stop" as the truck entered the highway. Doran then activated his emergency lights, made a U-turn, and stopped the vehicle further down Route 125.

Although the defendant did not testify at trial, he offered several statements that we construe to be his closing argument. In his argument, the defendant asserted that: (1) the traffic was very heavy during rush hour; (2) he was carrying a 40,000 pound load; and (3) he had been waiting to merge onto the southbound lane for seven minutes. At the close of trial, the court accepted the truth of the defendant's assertions but found that those factors did not rebut the evidence presented by the State that the defendant failed to yield the right of way to the other vehicles already in the roadway onto which he was attempting to merge. The court found the defendant guilty of violating RSA 265:53. The defendant then appealed.

On appeal, the defendant argues that the evidence presented at trial did not support a finding of guilty and that the trial court placed "too much reliance on the officer's testimony instead of taking into account the [totality] of the evidence." Although the State contends that the defendant does not advance a sufficiency argument on appeal, we disagree.

To prevail on his challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Belleville, 166 N.H. 58, 61 (2014). RSA 265:53 provides:

> **265:53 Emerging From Alley, Driveway or Building.** The driver of a vehicle within a business or residence district emerging from an alley, driveway or building shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and upon entering the roadway shall yield the right of way to all vehicles approaching on said roadway.

The evidence in this case included Doran's testimony that the defendant, while attempting to turn into a southbound lane from a trucking terminal located on the northbound side of the road, forced vehicles in the southbound lane to "brake abruptly and come to a complete stop as [the defendant's] tractor-trailer was pulling out in the roadway." Doran also testified: "Had that passenger vehicle not come to a stop, he was going to hit [the defendant's] trailer. He was going to hit the tractor, the power unit of [the defendant's] truck - - the front of [the defendant's] truck."

In arguing that the trial court placed too much reliance on Doran's testimony instead of considering the totality of the evidence, the defendant contrasts his purported testimony with that of Doran. A review of the trial transcript, however, reveals that at the close of the State's evidence, the trial court advised the defendant that he could either testify or remain silent. The defendant chose to remain silent. Accordingly, the only evidence in the record before us is the testimony of Doran, the traffic ticket, and the judicial notice taken by the court that Route 125 is a public way.

The trial court also accepted the defendant's representation that he had waited for seven minutes before attempting to merge into the southbound lane. To the extent that the defendant contends that, by waiting for this lengthy period of time, he complied with the statute and yielded to traffic, we find no support for this argument in the language of the statute. The statute provides that a driver "shall yield the right of way to <u>all</u> vehicles approaching on said roadway." RSA 265:53 (emphasis added).

The defendant also challenges the accuracy of Doran's observations, noting that "he observed the alleged traffic infraction after he had already passed the [d]efendant" and that his "observation occurred [some] distance away in his traffic mirror." This is not an argument that he made in the trial court and it is therefore not preserved for our review. See State v. Blackmer, 149 N.H. 47, 48

(2003) (supreme court will not review any issue that defendant did not raise before trial court); In the Matter of Birmingham & Birmingham, 154 N.H 51, 56 (2006) (self-represented parties bound by same procedural rules that govern parties represented by counsel).

Based upon the record before us, we conclude that a rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found that the defendant failed to yield the right of way as he merged onto the highway.  See In the Matter of Henry & Henry, 163 N.H. 175, 181 (2012) (observing that, as the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any witness or party).

Finally, we note that RSA 265:53 applies to the driver of a vehicle "within a business or residence district."  It is doubtful that the evidence in the record before us would support a finding beyond a reasonable doubt that the defendant was within a business or residence district.  See RSA 259:8 (2014) (defining "business district"); RSA 259:93 (2014) (defining "rural residence district"); RSA 259:118 (2014) (defining "urban residence district").  The defendant, however, did not make this argument either in the trial court or on appeal, and therefore it is also not preserved for our review.  See Blackmer, 149 N.H. at 47.  Because this issue relates to lack of proof of an element of the offense, we exercise our discretion to review this issue under our plain error rule.

Under the plain error rule, we may consider errors not raised before the trial court.  State v. Matey, 153 N.H. 263, 266 (2006).  "A plain error that affects substantial rights may be considered even though it was not brought to the attention of the trial court or the supreme court."  Sup. Ct.  R. 16–A.  "However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result."  Matey, 153 N.H. at 266 (brackets and quotations omitted).  To find plain error: "(1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings."  Id.

Even if we assume without deciding that the State failed to prove that the defendant was driving within a business or residence district, we conclude that there is no plain error in this case in light of RSA 265:32 (2014).  RSA 265:32 provides: "The driver of a vehicle about to enter or cross a way from a private road or driveway shall yield the right of way to all vehicles approaching on said way."

The complaint alleged "FAILURE TO YIELD (FROM ALLEY/DRIVEWAY) EXITING TERMINAL CUT OFF S/B TRAFFIC."  Thus, the complaint alleged all of the elements of RSA 265:32.  Given the facts in this case, RSA 265:32 constitutes a lesser-included offense of RSA 265:53.  Cf. In re Nathan L., 146 N.H. 614

3

(2001) (discussing lesser-included offenses).  Both offenses are violations. Accordingly, even assuming that the evidence was insufficient to prove a violation of RSA 265:53 because the State failed to prove that the defendant was driving in a business or residence district, the evidence was sufficient to prove that the defendant violated the lesser-included offense set forth in RSA 265:32.  Under these circumstances, we cannot conclude that the assumed error seriously affected the fairness, integrity or public reputation of judicial proceedings.  Thus, we do not find plain error.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**