# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0432, <u>State of New Hampshire v. Therese M. Davis</u>, the court on December 8, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Therese M. Davis, appeals her conviction of simple assault, <u>see</u> RSA 631:2-a, I(a) (2016), arguing that the Circuit Court (<u>Steckowych</u>, J.) erred by finding: (1) that her contact with the victim was unprivileged; and (2) guilt on one count but not the other, a result which she claims is legally and factually inconsistent. We affirm.

The defendant first argues that the trial court erred by finding that her contact with the victim was unprivileged. RSA 631:2-a, I(a) provides that "[a] person is guilty of simple assault if he . . . knowingly causes . . . unprivileged physical contact to another." The plain meaning of "unprivileged physical contact" includes all physical contact not justified by law or consent. <u>State v.</u> <u>Burke</u>, 153 N.H. 361, 364 (2006). Consent may be express or implied from the conduct of the person under all the surrounding circumstances. <u>See</u> <u>Fischer v.</u> <u>Hooper</u>, 143 N.H. 585, 597-98 (1999).

On June 23, 2019, the defendant was assisting her elderly mother, a patient in the hospital where the nineteen-year-old victim was working as a licensed nursing assistant. The defendant testified that she was dissatisfied with the level of care provided to her mother. In addition, the defendant believed that she overheard a nursing assistant make disparaging remarks about her and her mother. The remarks, which the defendant "assumed" were made by the victim, caused her to feel "[a]ngry and sad." The defendant approached the nursing station and gestured for the victim to approach. When she did, the defendant placed her arm around the victim's shoulder, pulled her in "very close" to her face, and in an aggressive and threatening tone, said, "I'm not a f*cking nurse; I'm a nurse practitioner. So if you're going to talk about me behind my back, get it straight." She then patted the victim on the back and walked away. The victim testified that she felt threatened by the defendant's conduct. Shortly after the incident, she contacted hospital security.

The defendant was charged with two counts of simple assault, one for placing her arm around the victim's shoulder, and one for patting the victim on the back. Following a bench trial, the court convicted the defendant of the

charge alleging that she placed her arm around the victim's shoulder, but acquitted her of the remaining charge. On appeal, the defendant concedes that she knowingly engaged in physical contact with the victim, but argues that the victim's compliance with her request to approach and speak in close proximity evidenced implied consent to the contact. She notes that the victim did not pull away or immediately call for help, and she asserts that staff in the nursing station did not react as though they had witnessed a crime. She argues that the contact was justified by law or consent because placing one's arm around another person's shoulder is an "ordinary social gesture."

The defendant's arguments ignore the circumstances in which the contact occurred, including the threatening nature in which the defendant pulled the victim close to her, addressing her "very close" to her face. See Fischer, 143 N.H. at 597-98. The victim was working as a hospital employee. When asked whether it is "a pretty common gesture for somebody to put their arm around" another person, a nurse witness answered, "not for a staff member," explaining that "you don't put your hands on staff members." Based upon this record, the trial court could have reasonably concluded that the defendant's act of placing her arm around the victim's shoulder was not privileged. See State v. Burke, 153 N.H. at 364.

The defendant next argues that the trial court erred in finding her guilty of assault for placing her arm around the victim's shoulder but not guilty of assault for patting her on the back. She argues that the court's findings are factually and legally inconsistent with the evidence presented at trial.

The defendant did not preserve this issue for review. See N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). Even assuming, without deciding, that the court's findings are factually and legally inconsistent, we have held that simultaneous, inconsistent verdicts need not be rationally reconciled and do not entitle a defendant to relief. See State v. Brown, 132 N.H. 321 (1989). Accordingly, we find no plain error. See State v. Lopez, 156 N.H. 416, 424 (2007) ("[A]n error is plain if it was or should have been 'obvious' in the sense that the governing law was clearly settled to the contrary." (Quotation omitted)).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2