Hillsborough-northern judicial district
No. 2003-004

THE STATE OF NEW HAMPSHIRE

v.

CINDY GRANT-CHASE

Argued: October 15, 2003
Opinion Issued: November 12, 2003

■

*Peter W. Heed*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, deputy chief appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Cindy Grant-Chase, was convicted by a jury of criminal solicitation of the crime of solicitation to murder, *see* RSA 629:2, I (1996). On appeal, she argues that the Superior Court (*Lynn*, J.) erroneously denied her motion to dismiss the indictment. We affirm.

On July 19, 2000, the defendant, who had been on parole for one year, began an affair with her parole officer, Bruce Ciccone. Five months later, on December 17, Ciccone left his wife of almost thirty years and moved in with the defendant. Soon thereafter, Ciccone moved back with his wife and tried to end the affair.

On March 15, 2001, the defendant was transferred to a new parole officer after Ciccone was suspended for reasons unrelated to the affair. Within a few weeks, the defendant violated her parole by traveling to Massachusetts without permission and was returned to prison. There the defendant met Carol Carriola, an inmate reputed to have Mafia connections. The two discussed hiring a "mob hit-man" to kill Ciccone's wife. At first Carriola thought the defendant was joking, but after the defendant provided Carriola with a description of and directions to Ciccone's home, Carriola realized the defendant was serious. Although Carriola never intended to attempt to hire a killer, after some negotiation the two agreed upon a price for killing Ciccone's wife.

The defendant was indicted for criminal solicitation of the crime of solicitation to murder, *see* RSA 629:2, I. Prior to trial, the defendant moved to dismiss the indictment. The trial court denied the motion. On appeal, the defendant argues that solicitation of solicitation to murder is not a crime under RSA 629:2, I.

On questions of statutory interpretation, we are the final arbiter of the intent of the legislature, as expressed in the words of the statute considered as a whole. *State v. Skinner*, 149 N.H. 102, 103 (2003). When a statute's language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent. *Id.* We construe provisions of the Criminal Code "according to the fair import of their terms and to promote justice." RSA 625:3 (1996).

RSA 629:2, I, provides that "[a] person is guilty of criminal solicitation if, with a purpose that another engage in conduct constituting a crime, he commands, solicits or requests such other person to engage in such conduct." The word "such," "when used by way of reference to any person or thing, shall apply to the same person or thing last mentioned." RSA 21:14 (2000). Therefore, the phrase "such other person" refers to the person last mentioned by the term "another"; *i.e.*, the person "engaging in conduct constituting a crime." Similarly, the language "engage in such

conduct" refers to the conduct last mentioned; *i.e.*, "the conduct constituting a crime."

■ By its plain language, the statute clearly encompasses solicitation of solicitation to murder. The defendant had the purpose that Carriola "engage in conduct constituting a crime"; *i.e.*, that Carriola solicit someone to murder Ciccone's wife. Next, the defendant solicited Carriola to "engage in such conduct"; *i.e.*, engage in the conduct of soliciting someone to kill Ciccone's wife. Construing the statute according to the fair import of its terms and to promote justice, we conclude that criminal solicitation of solicitation to murder is a crime as defined under RSA 629:2. Therefore, the trial court correctly denied the defendant's motion to dismiss.

*Affirmed.*

BROCK, C.J., and NADEAU, J., concurred.