Grafton
No. 98-446

THE STATE OF NEW HAMPSHIRE

v.

RONALD F. PATTERSON, JR.

December 5, 2000

*Philip T. McLaughlin*, attorney general (*Philip B. Bradley*, attorney, on the brief, and *N. William Delker*, assistant attorney general, orally), for the State.

*Decato Law Offices*, of West Lebanon (*R. Peter Decato* on the brief and orally), for the defendant.

BRODERICK, J. The defendant, Ronald F. Patterson, Jr., appeals from an order of the Superior Court (*Fitzgerald*, J.) denying his petition to annul his criminal record. We affirm.

On March 11, 1991, the defendant was convicted of selling and conspiring to sell a controlled drug, both class A felonies, under RSA 318-B:2 (Supp. 1991). He received two concurrent five-to-ten-year sentences, which the court deferred for two years, and was placed on probation for two years. In February 1993, on motion of the defendant, the court suspended his sentences for a period of ten years.

In October 1995, the superior court denied without prejudice the defendant's petition to annul his criminal record (the first petition), but authorized him to "reapply" for annulment after March 11, 1998. The court relied on RSA 318-B:28-a (1995), which prohibits an annulment of a felony conviction under the Controlled Drug Act (RSA chapter 318-B) for a period of seven years after the date of conviction.

In June 1998, without a hearing, the superior court denied without prejudice the defendant's second petition to annul (the second petition). The court relied on RSA 651:5, III(e) (1996), which permits petitions to annul a conviction for a class A felony to be filed ten years after the completion of all terms and conditions of a sentence. The trial court concluded that the defendant's petition was "premature" because his sentences were suspended in 1993 for ten years and could be brought forward and imposed at any time during that period. Accordingly, the court ruled that the ten-year period prescribed by RSA 651:5, III(e) would not begin to run until 2003. This appeal followed.

RSA 318-B:28-a reads:

> No court *shall* order an annulment, pursuant to RSA 651:5 or any other provision of law, of any record of conviction for a felony under [the Controlled Drug Act] *until 7 years after the date of conviction.*

(Emphasis added.) RSA 651:5, III reads, in pertinent part:

> Except as provided in RSA 265:82-c or in paragraphs V and VI, any person convicted of an offense *may petition* for annulment of the record of arrest, conviction and sentence when the petitioner has completed all the terms and conditions of the sentence and has thereafter been convicted of no other crime, except a motor vehicle offense classified as a violation other than driving while intoxicated under RSA 265:82, for a period of time as follows:
>
> . . . .
>
> (d) For a class B felony except as provided in subparagraph (g), *5 years.*
>
> (e) For a class A felony, *10 years.*

(Emphasis added.)

■ The defendant, advancing an analysis of the statutes' legislative history, argues that the trial court erred in concluding that the ten-year provision of RSA 651:5 preempts the seven-year provision of RSA 318-B:28-a. We disagree.

> This court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole, and when the issue raised presents a new question of statutory construction, we begin our analysis with an examination of the statutory language . . . : It is well settled that principles of statutory interpretation require us to construe the law in a manner consistent with its plain meaning, when possible.

*Cheever v. Southern N.H. Regional Med. Ctr.*, 141 N.H. 589, 590-91, 688 A.2d 565, 566-67 (1997) (citations, quotations, brackets, and ellipsis omitted). Because we resolve the statutory interpretation issues involved in this case from the plain meaning of RSA 318-B:28-a and RSA 651:5, III(d) and (e), we need not address the defendant's legislative history argument. *Id.* at 592, 688 A.2d at 567.

The language of RSA 318-B:28-a referencing RSA 651:5 signifies that the two statutes must be read together. The plain meaning of the words "pursuant to RSA 651:5" indicates that the seven-year period set forth in RSA 318-B:28-a must be complied with in the course of carrying out the five- and ten-year periods set forth in RSA 651:5.

RSA 318-B:28-a and RSA 651:5, III(d) and (e) not only contain different time periods governing annulment petitions, but also rely on different start times to trigger their respective provisions. The seven-year period in RSA 318-B:28-a runs from the date of conviction. The five- and ten-year periods in RSA 651:5, III(d) and (e) run from the date all of the terms and conditions of a sentence are satisfied. The statutes are interrelated with respect to any conviction under the Controlled Drug Act. For example, if an individual is convicted of a class B felony under RSA chapter 318-B and receives a sentence of less than two years, RSA 651:5, III(d), if read in isolation, would allow the individual to petition for annulment sooner than seven years after the date of conviction. RSA 318-B:28-a must be read in harmony with RSA 651:5, however.

█ Accordingly, where RSA 651:5, III(d) would permit an annulment petition to be filed sooner than seven years following a conviction under the Controlled Drug Act, then the seven-year minimum of RSA 318-B:28-a controls. On the other hand, for any conviction under the Controlled Drug Act involving a sentence of longer than two years, the five- and ten-year provisions of RSA 651:5, III(d) and (e) control, and the seven-year minimum of RSA 318-B:28-a is not violated.

To construe the statutes as proposed by the defendant would require us to declare the five-year time period under RSA 651:5, III(d) inapplicable to some persons convicted of a class B felony under the Controlled Drug Act, and the ten-year time period under RSA 651:5, III(e) inapplicable to *all* persons convicted of a class A felony under the Act. "Where reasonably possible, statutes should be construed so that they lead to reasonable results and do not contradict each other." *Sprague Energy Corp. v. Town of Newington*, 142 N.H. 804, 806, 710 A.2d 1005, 1006 (1998).

The defendant also argues that RSA 318-B:28-a addresses the annulment of records for felony convictions under the Controlled Drug Act in detail and serves as an exception to RSA 651:5, which deals with the annulment of criminal records in general. *See State v. Peck*, 140 N.H. 333, 666 A.2d 962 (1995). We disagree. In *Peck*, we stated:

> It is a well-recognized rule of statutory construction that where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the latter will be regarded as an exception to the general enactment *where the two conflict.*

*Peck*, 140 N.H. at 334, 666 A.2d at 964 (quotation omitted; emphasis added). The defendant's reliance on *Peck* is misplaced, however, because RSA 318-B:28-a and RSA 651:5 can be harmoniously construed. *See id.* at 335, 666 A.2d at 964.

■ Accordingly, we hold that the defendant was not entitled, under the provisions of RSA 651:5, to file a petition to annul his Controlled Drug Act conviction in 1998.

■ The defendant next contends that because neither he nor the State appealed the trial court's 1995 order denying the first petition, that order became the "law of the case," precluding the trial court's consideration of RSA 651:5 in ruling on his second petition. As this court has not previously stated any rule of law in this case, the law of the case doctrine is inapplicable.

> Questions once decided on appeal to this court are not ordinarily reexamined in the same case upon a subsequent appeal. The question decided on the first appeal is known as the law of the case, and becomes binding precedent to be followed in successive stages of the same litigation. Thus, where an appellate court states a rule of law, it is conclusively established and determinative of the rights of the same parties in any subsequent appeal or retrial of the same case.

*Taylor v. Nutting*, 133 N.H. 451, 454, 578 A.2d 347, 348-49 (1990) (citations, quotations, and brackets omitted). The trial court's 1995 order denying the first petition does nothing to bar consideration of RSA 651:5 on any subsequent petition.

■ The defendant further argues that the trial court erred in ruling without the benefit of a hearing, in violation of Superior Court Rule 108. We disagree. RSA 651:5, VIII mandates dismissal, without a hearing, of any petition for annulment which does not meet the requirements of RSA 651:5, III. We have already held that the petition in this case did not meet those requirements. Accordingly, the trial court did not err in summarily dismissing the defendant's second petition.

■■ Finally, the defendant contends that the trial court's failure to hold an evidentiary hearing denied him his right to due process under the State Constitution, and that the trial court's 1995 decision effectively modified his original concurrent sentences and gave him a right to petition again in 1998. The defendant did not raise a constitutional claim in his motion for reconsideration. As he did not

bring the constitutional claim to the attention of the trial court, the issue is not preserved for appeal, and we decline to review it. *See State v. Martin*, 138 N.H. 508, 512, 643 A.2d 946, 948 (1994). Regarding the defendant's "modification" contention, first raised at oral argument, we note that the defendant did not raise it either in the pleadings below or his brief. Accordingly, the issue is not preserved for appeal, and we decline to review it. *See State v. Scovill*, 144 N.H. 409, 414, 743 A.2d 303, 308 (1999) (party precluded from raising an issue for the first time at oral argument).

*Affirmed.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., concurred; NADEAU and DALIANIS, JJ., who took part in the final vote by consent of the parties, concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.