Merrimack
No. 2001-657

THE STATE OF NEW HAMPSHIRE

v.

JAMES SKINNER

Submitted: December 19, 2002
Opinion Issued: February 4, 2003

*Philip T. McLaughlin*, attorney general (*Malinda R. Lawrence*, senior assistant attorney general, on the brief), for the State.

*Ransmeier & Spellman, P.C.*, of Concord (*Marie M. McPartlin* on the brief), for the defendant.

DALIANIS, J. The defendant, James Skinner, appeals the denial by the Superior Court (*Fitzgerald*, J.) of his petition to annul charges of first-degree assault, *see* RSA 631:1, I(a) (1996), assault by a prisoner, *see* RSA 642:9 (1996) (amended 2000), manslaughter, *see* RSA 630:2, I(b) (1996), and second-degree murder, *see* RSA 630:1-b (1996). We reverse and remand.

In July 1998, the defendant was serving concurrent Massachusetts sentences in the New Hampshire State Prison when he was indicted for two alternative counts of second-degree murder, *see* RSA 630:1-b, manslaughter, *see* RSA 630:2, I(b), and first-degree assault, *see* RSA 631:1, I(a), following the death of a fellow inmate. The court quashed the first-degree assault charge, and a jury acquitted the defendant of the remaining charges in January 2000.

In June 1999, the defendant was indicted for assault by a prisoner, *see* RSA 642:9, after having allegedly spit on a corrections officer's face. The State *nol prossed* this charge in May 2000.

The defendant petitioned to annul the records of these charges in July 2001, which the court denied, ruling that, pursuant to RSA 651:5, VI(b) (Supp. 2002), his petition was premature.

The defendant appeals, arguing that under RSA 651:5, II (Supp. 2002), the trial court should have found his petition timely. We agree.

On questions of statutory interpretation, we are the final arbiters of the intent of the legislature, as expressed in the words of the statute considered as a whole. *State v. Cole*, 147 N.H. 374, 375 (2001). "When a statute's language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent." *State v. Comeau*, 142 N.H. 84, 86 (1997) (quotation omitted).

> We construe provisions of the Criminal Code according to the fair import of their terms and to promote justice. Although we look to the plain and ordinary meaning of the statutory language in determining legislative intent, we will not read the words and phrases in isolation, or add words that the legislature chose not to include.

*State v. Amerigas Propane*, 146 N.H. 267, 269 (2001) (quotation omitted).

■ Because the defendant seeks to annul records pertaining to arrests which did not result in convictions, his petition is governed by RSA 651:5, II. Pursuant to RSA 651:5, II, an individual whose arrest has resulted in an acquittal or whose charges have been *nol prossed* or dismissed may petition to annul the arrest record "at any time." The defendant's petition was thus timely.

The trial court erroneously ruled that the petition was untimely under RSA 651:5, VI(b), which states, in pertinent part:

> If a person has been convicted of more than one offense, no petition for annulment shall be brought and no annulment granted . . .

> (b) until the time requirements under paragraphs III and IV for all offenses of record have been met.

The trial court reasoned that because the defendant has been convicted of multiple offenses, he cannot bring any petition for annulment until he has completed all of the terms of his sentences and has not been convicted of any other offense for the requisite amount of time.

██ We must find that, read in context, this provision pertains only to individuals seeking to annul records pertaining to their convictions, and not to individuals, such as the defendant, who seek to annul the records of arrests that did not result in convictions. Specifically, the first phrase of the provision refers to an individual who has been convicted of more than one offense. This reference directs that the provision applies only to individuals seeking to annul convictions. Further, the provision references paragraph III of the statute, which, as the State concedes, applies only to petitions to annul convictions. *See* RSA 651:5, III (Supp. 2002).

Moreover, the State's interpretation leads to an illogical result. Under the State's interpretation, an individual convicted of two violations could not petition to annul a record of an arrest that did not result in conviction until, at least, one year after completing his sentences, *see* RSA 651:5, III(a), while an individual convicted of a single class A felony could petition to annul a similar arrest record while still incarcerated, *see* RSA 651:5, II. *See In re Russell C.*, 120 N.H. 260, 264 (1980) (statute should not be interpreted to lead to an absurd, unjust, or illogical result).

Having concluded that the trial court erroneously ruled that the defendant's petition was untimely, we now address his argument that he was entitled to a hearing.

The State concedes that the statute requires the court to conduct a hearing before denying an annulment petition on the merits. *See State v. Meister*, 125 N.H. 435, 440-41 (1984); *see also State v. Patterson*, 145 N.H. 462, 466 (2000); *cf.* SUPER. CT. R. 108(5). It argues, however, that the failure to provide a hearing to the defendant was "harmless error." We need not decide whether the "harmless error" doctrine generally applies to the failure to provide a hearing on an annulment petition. On the record before us on appeal, the State has failed to demonstrate that the error was harmless beyond a reasonable doubt. *See State v. Thibedau*, 142 N.H. 325, 329 (1997) (State bears burden of proving harmless error beyond reasonable doubt).

██ While the State has presented evidence of the defendant's prior criminal convictions and history of prison disciplinary violations, the defendant has not yet had an opportunity to present contrary evidence. Thus, based upon the record on appeal, we are unable to determine whether the outcome of the defendant's annulment petition would have been the same had the court afforded him a hearing. *Cf. State v. Etienne*, 146 N.H. 115, 118 (2002) (to meet burden, State must show, beyond a reasonable doubt, that error did not affect verdict). Accordingly, we

remand to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*

GROFF, O'NEILL and CONBOY, JJ., superior court justices, specially assigned under RSA 490:3, concurred.