# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**JAMES R. RECKER**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALEC LUCAS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-51 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James Osborn, Judge
Cause No. 49F15-1101-FD-3617

**August 27, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In 2011, Lucas was charged with several criminal offenses, some of which were dismissed pursuant to a plea agreement. He later filed a petition pursuant to Indiana Code Section 35-38-5-5.5 to restrict access to his arrest records for the dismissed charges. The trial court denied the petition, concluding that the statute does not apply to cases where some, but not all, charges are dismissed pursuant to a plea agreement. Lucas now appeals, arguing that the trial court misinterpreted the statute. While the statute is not a model of clarity, we conclude that it was intended to apply to any dismissed charge and not just in cases where all charges have been dismissed. Therefore, we reverse and remand.

**Facts and Procedural History**

On January 17, 2011, the State filed an information charging Lucas with four criminal offenses and an infraction: (1) possession of a controlled substance as a class D felony; (2) possession of marijuana as a class D felony; (3) dealing marijuana as a class D felony; (4) minor in possession of alcohol as a class C misdemeanor;[1] and (5) driving infractions.[2] On March 15, 2011, pursuant to a plea agreement, Lucas pled guilty to counts 1 and 3, and judgment was entered on those counts as class A misdemeanors. The State dismissed the

---

[1] Lucas was eighteen years old at the time.

[2] The State apparently did not draft a separate count 5, but attached a traffic ticket, which listed two infractions: unsafe lane movement and failure to reduce speed and proceed with caution when approaching an emergency vehicle. *See* Ind. Code §§ 9-21-8-11(1) and 9-21-8-35(b)(2). However, the parties appear to have referred to the infractions collectively as count 5.

2

remaining counts. Lucas was sentenced to one year, all suspended to probation except for time served.

On November 9, 2012, Lucas filed a "Verified Petition to Restrict Access to Criminal History," in which he requested that, pursuant to Indiana Code Section 35-38-5-5.5, access to his arrest records for possession of marijuana and minor in possession of alcohol be restricted. Appellant's App. at 26. A master commissioner granted the petition on December 5, 2012. However, it appears that the presiding judge sua sponte set the motion for a hearing. After hearing arguments on December 18, 2012, the presiding judge vacated the master commissioner's ruling. Based on the court's statements at the hearing, it appears that the court ruled that the statute did not apply to scenarios where a defendant pled guilty to some charges in exchange for the dismissal of others.[3] Lucas now appeals.[4]

---

[3] It appears that no written order was issued. The chronological case summary entry for December 18, 2012, simply states, "Court vacates previous restricted access ruling; counts are no longer restrict[ed]." Appellant's App. at 17. At the hearing, the court stated:

> I mean, ninety percent of the cases that get resolved in this court … are by plea agreements. In most of those cases, there are usually charges that are dismissed. As a practical matter, restricting access to that aspect of the information – it's nearly impossible .… And the way I read the statute, it's to address those cases where … there wasn't a guilty finding in a particular case, not where there was one and some of the … charges got dismissed. So the way I'm reading it is – this doesn't apply in this circumstance.

Tr. at 5-6.

[4] Pursuant to Indiana Code Section 35-38-5-5.5(e), the petition must be served on the prosecuting attorney and the state central repository for records, which is administered by the Indiana State Police. Subsection (f) permits the prosecutor to file a notice of opposition and submit documentary evidence. Although the prosecutor was present for the hearings, the prosecutor did not file a notice of opposition or submit documentary evidence, and the prosecutor has not participated in this appeal. The Attorney General entered an appearance on behalf of the State (specifically, the State Police) and filed a motion to dismiss, which was denied by our motions panel. The Attorney General then filed a notice of non-involvement, which was accepted on June 20, 2013.

**Discussion and Decision**

Lucas argues that the trial court erred by concluding that Indiana Code Section 35-38-5-5.5 does not apply to cases where some, but not all, charges are dismissed pursuant to a plea agreement. Interpretation of a statute is a question of law, which we review de novo. *Adams v. State*, 960 N.E.2d 793, 797 (Ind. 2012). Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature. *State v. Prater*, 922 N.E.2d 746, 748 (Ind. Ct. App. 2010), *trans. denied*.

Indiana Code Section 35-38-5-5.5 (2012)[5] provides:

> (a) If a person *charged with a crime*:
>
> (1) is not prosecuted or if *charges* against the person are dismissed;
>
> (2) is acquitted of all criminal charges; or
>
> (3) is convicted of the crime and the conviction is subsequently vacated;
>
> the person may petition a court to restrict disclosure of the records related to the arrest to a noncriminal justice organization or an individual.
>
> ….
>
> (c) A petition under subsection (a) must be filed not earlier than:
>
> (1) if the person is acquitted, thirty (30) days after the person is acquitted;
>
> (2) if the person's conviction is vacated, three hundred sixty-five (365) days after:
>
>> (A) the order vacating the person's conviction is final, if there is no appeal or the appeal is terminated before entry of an opinion

[5] This section was in effect at the time that Lucas filed his petition, but was repealed effective July 1, 2013 by Public Law Number 159-2013.

4

or memorandum decision; or

        (B) the opinion or memorandum decision vacating the person's conviction is certified; or

(3) if the person is not prosecuted, thirty (30) days after *charges* are dismissed, if the *charges* are not refiled.

(d) A petition under subsection (a) must set forth:

(1) the date of the arrest;

(2) *the charge*;

(3) the date *charges* were dismissed, if applicable;

(4) the date of conviction or acquittal, if applicable;

(5) the date the conviction was vacated, if applicable;

(6) the basis on which the conviction was vacated, if applicable;

(7) the law enforcement agency employing the arresting officer;

(8) any other known identifying information, such as the name of the arresting officer, case number, or court cause number;

(9) the date of the petitioner's birth; and

(10) the petitioner's Social Security number.

….

(f) If the prosecuting attorney wishes to oppose a petition under subsection (a), the prosecuting attorney shall, not later than thirty (30) days after the petition is filed, file a notice of opposition with the court setting forth reasons for opposing the petition. The prosecuting attorney shall attach to the notice of opposition a certified copy of any documentary evidence showing that the petitioner is not entitled to relief. A copy of the notice of opposition and copies of any documentary evidence shall be served on the petitioner in accordance with the Indiana Rules of Trial Procedure. The court may:

5

(1) summarily grant the petition;

(2) set the matter for hearing; or

(3) summarily deny the petition, if the court determines that:

(A) the petition is insufficient; or

(B) based on documentary evidence submitted by the prosecuting attorney, the petitioner is not entitled to have access to the petitioner's arrest records restricted.

(g) If notice of opposition is filed under subsection (f) and the court does not summarily grant or summarily deny the petition, the court shall set the matter for a hearing.

(h) After a hearing is held under subsection (g), the court shall grant the petition filed under subsection (a), unless the petitioner is being reprosecuted on charges related to the original conviction.

(i) If the court grants a petition filed under subsection (a), the court shall order the state police department not to disclose or permit disclosure of the petitioner's limited criminal history information to a noncriminal justice organization or an individual under IC 10-13-3-27.

(Emphasis added.)

The statute alternates between using the singular "charge" and the plural "charges." However, at no point does the statute reference a requirement that "all" charges be dismissed. By contrast, subsection (a)(2) permits a petition to be filed if the person "is acquitted of *all* criminal charges." (Emphasis added.)  In addition, Indiana Code Section 35-38-5-1 permits a person to petition for expungement of arrest records (as opposed to restriction of access) when "*all* criminal charges filed against an individual are dropped." (Emphasis added.) Section 35-38-5-1 was already in existence when Section 35-38-5-5.5 was enacted. Many of the provisions of Section 35-38-5-5.5 mirror Section 35-38-5-1, which suggests that omission

6

of the word "all" in Section 35-38-5-5.5 was deliberate.

Public Law Number 159-2013, effective July 1, 2013, repealed Section 35-38-5-5.5 and created a new Chapter 35-38-9, titled "Sealing and Expunging Conviction Records." New Section 35-38-9-1 allows a person to petition a court to seal arrest records if: "(1) the arrest did not result in a conviction or juvenile adjudication; or (2) the arrest resulted in a conviction or juvenile adjudication and the conviction or adjudication was vacated on appeal." This new statute does not appear to be a clarification of the old statute, but rather a shift from focus on the disposition of individual charges to whether the arrest ultimately resulted in a conviction. The trial court's approach, however, was more consistent with the new statute than with the statute in effect at the time. We conclude that the trial court erred in concluding that Section 35-38-5-5.5 does not apply to cases where some, but not all, charges are dismissed. As there does not appear to be any other basis in the statute for denying Lucas's petition, we reverse and remand with instructions for the trial court to grant the petition and issue an order pursuant to Section 35-38-5-5.5(i).

Reversed and remanded.

BARNES, J., and PYLE, J., concur.