NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2015-0305

THE STATE OF NEW HAMPSHIRE

v.

TIMOTHY BOBOLA

Submitted: January 7, 2016
Opinion Issued: April 7, 2016

Joseph A. Foster, attorney general (Colleen Laffin, attorney, and Stephen D. Fuller, senior assistant attorney general, on the brief), for the State.

The Law Offices of Martin & Hipple, PLLC, of Concord (Seth J. Hipple on the brief), for the defendant.

LYNN, J. The defendant, Timothy Bobola, appeals a decision of the Superior Court (Anderson, J.) denying his petition to annul a criminal conviction for second degree assault (assault conviction) and a second degree assault charge that did not result in a conviction (assault charge). See RSA 651:5 (Supp. 2015) (amended 2015). On appeal, he argues that the trial court erred by denying his petition to annul on the basis that he had a conviction for driving under the influence (DUI) on his record that was ineligible for annulment. We affirm.

The record supports the following facts. On October 1, 2002, the defendant was indicted on two counts of second degree assault. Both charges alleged that, on June 9, 2002, the defendant struck the same victim in the head using his fists. On November 17, 2003, the day that the defendant's trial was scheduled to begin, the State entered a nolle prosequi on one of the charges. Following trial, a jury convicted the defendant on the remaining charge.

On March 12, 2004, the trial court sentenced the defendant to serve two to four years in the New Hampshire State Prison. The court also ordered him to pay restitution to the victim. In 2007, the court rescinded the remainder of the restitution payments.

On May 12, 2008, the defendant pleaded guilty to DUI, first offense. The trial court sentenced the defendant to pay a $600 fine and complete the Impaired Driver Improvement Program, and suspended his license for nine months. The license suspension was later reduced to three months.

On February 12, 2015, the defendant petitioned the superior court to annul the assault conviction and assault charge. The State objected, citing the defendant's DUI conviction. The trial court denied the defendant's petition regarding the assault conviction "for the reasons stated by the State and more specifically, the 2008 [DUI] conviction." The trial court also denied the petition to annul the assault charge "for the reasons articulated in [the file bearing the assault conviction docket number]." This appeal followed.

The defendant first argues that the trial court erred by concluding that the DUI conviction bars annulment of the assault conviction. Specifically, the defendant argues that "nothing in New Hampshire law requires that all parts of a defendant's criminal record be annulment-eligible prior to other parts of the defendant's criminal record becoming annulment-eligible." The State counters that the trial court properly denied the defendant's petition because the DUI conviction is not yet eligible for annulment.

"Because resolution of this issue requires the interpretation of a statute, our review is de novo." State v. Pinault, 168 N.H. 28, 31 (2015). "We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole." United States v. Howe, 167 N.H. 143, 145 (2014) (quotation omitted). "When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used." Id. (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. (quotation omitted). "We also interpret a statute in the context of the overall statutory scheme and not in isolation." Id. (quotation omitted). "Our goal is to apply statutes in light of the

legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." Id. (quotation omitted).

"RSA 651:5 sets forth both procedural prerequisites and categorical bars to obtaining annulments." Id. at 146. Specifically, RSA 651:5, III states:

> Except as provided in RSA 265-A:21 or in paragraphs V and VI, any person convicted of an offense may petition for annulment of the record of arrest, conviction, and sentence when the petitioner has completed all the terms and conditions of the sentence and has thereafter been convicted of no other crime, except a motor vehicle offense classified as a violation other than driving while intoxicated under RSA 265-A:2, I, RSA 265:82, or RSA 265:82-a for a period of time as follows:
>
> (a)   For a violation, one year, unless the underlying conviction was for an offense specified under RSA 259:39.
>
> (b)   For a class B misdemeanor except as provided in subparagraph (f), 3 years.
>
> (c)   For a class A misdemeanor except as provided in subparagraph (f), 3 years.
>
> (d)   For a class B felony except as provided in subparagraph (g), 5 years.
>
> (e)   For a class A felony, 10 years.
>
> (f)   For sexual assault under RSA 632-A:4, 10 years.
>
> (g)   For felony indecent exposure or lewdness under RSA 645:1, II, 10 years.

RSA 265-A:21, the statute referenced in the first sentence of RSA 651:5, III states, in relevant part, that "[n]otwithstanding the provisions of RSA 651:5, no court shall order an annulment of any record of conviction of driving . . . while under the influence of intoxicating liquor or any controlled drug . . . until 10 years after the date of conviction." RSA 265-A:21, I (2014). Additionally, RSA 651:5, VI states that "[i]f a person has been convicted of more than one offense, no petition for annulment shall be brought and no annulment granted . . . [u]ntil the time requirements under paragraphs III and IV for all offenses of record have been met." RSA 651:5, VI(b). Thus, under RSA 651:5, VI, if a person is convicted of multiple offenses, he may not be granted an annulment as to any of the convictions until the time requirements of RSA 651:5, III are met for all the convictions. See id.

The defendant concedes that his DUI conviction was not eligible for an annulment when he filed his petition, because ten years had not passed since the conviction. However, he argues that this fact does not preclude annulment of the assault conviction, because all parts of his record, including the DUI conviction, meet the requirements of RSA 651:5, III. To support his argument, the defendant applies to his DUI conviction the three-year waiting period listed for a conviction of a class B misdemeanor generally. The State argues that, for DUI convictions, the language in RSA 651:5, III that references the ten-year annulment provision of RSA 265-A:21 is meant to replace the time period listed in RSA 651:5, III. We agree with the State.

The subparagraphs of RSA 651:5, III include several exceptions to the time periods expressed for a given offense classification. See RSA 651:5, III(a)-(d). For instance, a person convicted of a single class B misdemeanor, and no other crime, may not petition for an annulment until three years after the petitioner has completed all the terms and conditions of that sentence "except as provided in subparagraph (f)." RSA 651:5, III(b). RSA 651:5, III(f) states that a petitioner seeking to annul a conviction for sexual assault under RSA 632-A:4 must wait ten years after completing all terms and conditions of the sentence. Thus, if a person is convicted of class B misdemeanor sexual assault under RSA 632-A:4, the three-year waiting period generally applicable to class B misdemeanors under RSA 651:5, III(b) is replaced with a ten-year waiting period, pursuant to subparagraph (f).

Similarly, paragraph III states that "[e]xcept as provided in RSA 265-A:21 or in paragraphs V and VI," a petition for annulment may be filed after all the terms and conditions of the sentence have been completed for the specified time periods. RSA 651:5, III. RSA 265-A:21 requires a ten-year waiting period after conviction before a DUI conviction becomes eligible for annulment. See RSA 265-A:21, I. Thus, as with the exceptions provided in the subparagraphs, the phrase "[e]xcept as provided in RSA 265-A:21" alters the waiting period for an annulment of a DUI conviction to ten years. That the phrase appears in the introductory portion of paragraph III, and not in a subparagraph, does not persuade us that the legislature intended to treat the two identical phrases differently. Its placement outside of any specific subparagraph is logical given that RSA 265-A:21, I, applies to all DUI convictions, which span multiple offense classifications. See generally RSA 265-A:18 (2014) (stating that, depending upon the circumstances, a DUI offense might be classified as a violation, class A or B misdemeanor, or class B felony).

Under the defendant's interpretation, the ten-year waiting provision of RSA 265-A:21, I, applies only to the annulment of the DUI conviction itself, but the three-year waiting period, applicable to class B misdemeanors generally, applies to his DUI conviction when, as here, he is seeking to annul other parts of his criminal record. To interpret the statute in this way would require us to ignore the language "[e]xcept as provided in" as used in paragraph III. RSA

4

651:5, III. We decline to do so, as "[w]e must give effect to all words in a statute." Petition of State of N.H. (State v. Milner), 159 N.H. 456, 457 (2009).

The defendant argues that the phrase "[e]xcept as provided in RSA 265-A:21" in RSA 651:5, III "is meant to clarify that the two statutes are meant to be read harmoniously." This argument ignores the plain meaning of the word "except," which is "with the exclusion . . . of." Webster's Third New International Dictionary 791 (unabridged ed. 2002). Thus, by creating an exception for RSA 265-A:21, paragraph III incorporates the ten-year waiting period into the statute. Because the defendant acknowledges that the ten-year waiting period on his DUI conviction has not lapsed, it (as well as his other criminal record) is not eligible for annulment, and the trial court did not err by denying his petition. See RSA 651:5, VI(b).

The defendant also relies upon State v. Patterson, 145 N.H. 462 (2000), in support of his argument. In Patterson, a defendant filed a petition to annul two class A felony drug convictions, relying on a provision in the Controlled Drug Act, which stated that "[n]o court shall order an annulment, pursuant to RSA 651:5 . . . until 7 years after the date of conviction." Patterson, 145 N.H. at 463 (quotation and emphases omitted). We held that the waiting periods contained in both the Controlled Drug Act and RSA 651:5, III applied. Id. at 464-66. Therefore, we affirmed the trial court's denial of the petition, reasoning that the ten-year period under RSA 651:5, III had not yet passed since the completion of the defendant's sentence. Id. at 466. Patterson involved the interpretation of the language "pursuant to RSA 651:5" in the Controlled Drug Act. Id. at 463-64. Unlike the statute in Patterson, RSA 651:5, III, by its own terms, creates an exception to the general time periods listed. Therefore, Patterson is readily distinguishable.

The defendant also argues that interpreting the ten-year waiting period in RSA 265-A:21, I, which begins to run upon a defendant's conviction, to replace the waiting periods contained in RSA 651:5, III, which begin to run upon completion of the defendant's sentence, would lead to an absurd result. Specifically, the defendant posits a scenario whereby a defendant, who has been convicted of multiple DUI crimes, has his license suspended for a period exceeding ten years. The defendant argues that if the ten-year waiting period begins to run following conviction, such a defendant would become eligible for an annulment while still serving his license suspension. We need not decide whether the ten-year waiting period in RSA 265-A:21, I, sets only a minimum time in which a defendant must wait before petitioning for an annulment or replaces, in all aspects, the requirements of RSA 651:5, III. Even assuming the defendant's premise is correct, a trial court would presumably take into consideration the fact that the person seeking the annulment was still serving the terms of a sentence before making its determination whether to grant an annulment. See RSA 651:5, I (stating that an annulment "may" be granted "if

5

in the opinion of the court, the annulment will assist in the petitioner's rehabilitation and will be consistent with the public welfare").

The defendant next argues that, even if we determine that the assault conviction is not eligible for annulment because of the DUI conviction, the trial court erred when it denied his petition to annul the assault charge. The State argues that the trial court properly rejected the defendant's petition to annul the assault charge because the "case" to which that charge pertained was prosecuted and resulted in a conviction.

RSA 651:5, II states:

> Any person whose arrest has resulted in a finding of not guilty, or whose case was dismissed or not prosecuted, may petition for annulment of the arrest record or court record, or both, at any time in accordance with the provisions of this section.

(Emphasis added.) The defendant argues that, pursuant to RSA 651:5, II, the assault charge itself qualifies as a "case [that] was dismissed or not prosecuted" and is, therefore, eligible for annulment at any time. Relying upon the separate docket numbers assigned to the assault charge on which the State entered a nolle prosequi and the assault charge on which he was convicted, he contends that they were separate cases, and that he, therefore, is eligible for an annulment of the nolle prosequi case. The State argues that both assault charges were part of the same "case," and, therefore, RSA 651:5, II is inapplicable because the case was prosecuted, ultimately resulting in a conviction.

The term "case" is not defined in RSA 651:5, nor in the general definition section of the Criminal Code, see RSA 625:11 (2007). The plain meaning of "case," in this context, is "the matters of fact or conditions involved in a suit: a suit or action in law or equity." Webster's Third New International Dictionary 345; see also Black's Law Dictionary 258 (10th ed. 2014) (defining "case" as "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity"). We note, as does the State, that RSA 651:5 uses the term "charge" in a separate paragraph, see RSA 651:5, VII, evincing a conscious choice to use "case" in RSA 651:5, II. "[W]here the legislature uses different language in related statutes, we assume that the legislature intended something different." State Employees Assoc. of N.H. v. N.H. Div. of Personnel, 158 N.H. 338, 345 (2009) (quotation omitted).

We conclude that both assault charges arose from the same "case" as that term is used in RSA 651:5, II. Both parties agree that the assault charge on which the State entered a nolle prosequi was an alternative theory to the assault charge that resulted in a conviction. The indictments both alleged that the defendant, on the same date and in the same location, knowingly struck

6

the victim in the head, using his fists, and causing serious bodily injury. Moreover, both charges were scheduled to be tried on the same date.

We find further support for our conclusion that the alternative charges here were part of the same "case" by examining the statute as a whole. RSA 651:5, IX authorizes the department of corrections to charge a petitioner a fee for annulment investigations "unless the petitioner . . . has been found not guilty, or the case has been dismissed or not prosecuted in accordance with paragraph II." (Emphasis added.) This language is verbatim with, and specifically references, RSA 651:5, II. Under the defendant's interpretation, he would not need to pay for these services in conjunction with a petition to annul the alternative assault charge. We do not believe that the legislature intended that someone convicted of a crime should be able to avoid paying for services regarding a charge that did not result in a conviction when he was convicted of the same conduct under an alternative theory of culpability.

Nor are we persuaded by the defendant's reference to the separate docket numbers assigned to the two charges. The fact that, administratively, the charges were assigned separate docket numbers does not, standing alone, mean that these charges were separate cases. See Town of Nottingham v. Bonser, 146 N.H. 418, 425-26 (2001) (concluding that two actions were the same case because although they "were assigned separate docket numbers, the cases more closely resembled bifurcated issues of a single matter").

The defendant also argues that, if we agree with the State's interpretation, the annulment statute provides "no time limitations of any kind for charges not resulting in a conviction where one or more of its companion charges did result in a conviction." However, simply because RSA 651:5, II does not apply to the assault charge here does not mean that there is no vehicle by which that charge can be annulled. The defendant may seek to annul the alternative charge once the time requirement of RSA 651:5, III is satisfied regarding the charge on which he was convicted.

Further, we note that, although statutes in other jurisdictions often contain terms that differ from the term "case" found in RSA 651:5, II, it appears that defendants generally are not entitled to an annulment of any of the charges in circumstances in which they have been convicted of some, but not all, of the charges arising out of a single criminal episode. See, e.g., State v. Miller, No. 90624, 2004 WL 1245619, at *2 (Kan. Ct. App. June 4, 2004) (defendant seeking to expunge alternative charge did not meet the statutory requirement that a defendant be "found not guilty in court proceedings"); State v. A.V.G., No. A09-892, 2010 WL 935357, at *2 (Minn. Ct. App. Mar. 16, 2010) ("While respondent contends that his acquittal of the more serious assault charge resulted in a favorable outcome, the statute permits expungement only when all charges arising out of the same incident are resolved in the defendant's favor."); Stoddard v. State, 911 A.2d 1245, 1247 (Md. 2006)

("Charges arising . . . from the same incident, transaction, or set of facts as the count to which a criminal defendant pleads guilty comprise a single unit, and therefore may not be expunged."); Com. v. Lutz, 788 A.2d 993, 1000-01 (Pa. Super. Ct. 2001) (defendant not entitled to expungement of charges that were dismissed as part of a plea agreement where defendant admitted to culpability of the dismissed charges as part of the plea); but see Lucas v. State, 993 N.E.2d 1159, 1159 (Ind. Ct. App. 2013) ("While the statute is not a model of clarity, we conclude that it was intended to apply to any dismissed charge and not just in cases where all charges have been dismissed."). Although we recognize that a defendant arguably incurs some amount of increased stigma when, in addition to the charges on which he was convicted, alternative or related charges arising out of the same episode remain on his record until the charges on which there were convictions are eligible for annulment, we conclude that our interpretation implements the intent of the legislature as evidenced by the plain language of the statute. However, if the legislature disagrees with our statutory interpretation, it is free to amend the statute as it sees fit. Forster v. Town of Henniker, 167 N.H. 745, 753 (2015).

Finally, the defendant makes several arguments regarding the assault charge that are based upon the assumption that the rest of the defendant's criminal record is annulment-eligible under RSA 651:5, III. However, as discussed above, that assumption is incorrect. Therefore, we need not address these arguments.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.