NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

6th Circuit Court-Hillsborough District Division
No. 2019-0250

THE STATE OF NEW HAMPSHIRE

v.

LAURA WILLIAMS

Argued: June 24, 2020
Opinion Issued: September 18, 2020

Gordon J. MacDonald, attorney general (Susan P. McGinnis, senior assistant attorney general, on the brief and orally), for the State.

Christopher M. Johnson, chief appellate defender, of Concord, on the brief and orally, for the defendant.

DONOVAN, J. The defendant, Laura Williams, appeals orders of the Circuit Court (Tenney, J.) denying her petitions to annul records of conviction and arrest, as well as charges not resulting in conviction, because she had subsequent convictions. We vacate the trial court's denial of the defendant's petitions to annul: (1) two charges that did not result in conviction; and (2) convictions from October 2007 and November 2012 for simple assault. We remand for the court to exercise its discretion to determine whether granting the petitions will assist in the defendant's rehabilitation and is consistent with the public welfare. See RSA 651:5 (Supp. 2019) (amended 2020); State v. Baker, 164 N.H. 296, 300 (2012).

The record supports the following facts. In August 2018, the defendant sought to annul the following: (1) two November 1, 2012 convictions for simple assault; (2) an October 1, 2007 conviction for simple assault, which was originally a charge of first-degree assault before being amended by the State; (3) a charge for breach of bail conditions, which was nol prossed on October 1, 2007;[1] and (4) a charge of simple assault, which was nol prossed on October 1, 2007. In November and December 2018, the trial court denied each petition to annul because it found that the defendant had subsequent convictions on her record. The defendant unsuccessfully moved for reconsideration. In the order denying the defendant's reconsideration motion, the court stated that "[t]he subsequent offenses of drug possession and theft are not minor offenses and both occurred as recently as 2012." This appeal followed.

At the outset, the State argues that the defendant's appellate arguments are not preserved because she did not raise them, in the first instance, with the trial court. The defendant counters that the State's arguments on appeal are similarly not preserved given that the State did not object or otherwise respond to any of her annulment petitions filed with the trial court. Nevertheless, preservation is a limit upon the parties to an appeal, not upon the reviewing court. See State v. Kardonsky, 169 N.H. 150, 152 (2016). Under the circumstances of this case, and given that the appeal raises questions of statutory interpretation requiring no further factual development and the statute in question has not been the subject of substantial appellate review, we exercise our discretion to consider the parties' arguments to the extent set forth below.

The parties disagree as to the grounds upon which the trial court rested its decision. The defendant argues that the trial court erroneously denied her petitions as untimely under RSA 651:5, III. The State asserts that the trial court exercised its discretion and implicitly denied the defendant's petitions as inconsistent with the public welfare. See RSA 651:5, I. Although the interpretation of a trial court order presents a question of law, which we review de novo, see Fischer v. Superintendent, Strafford County House of Corrections, 163 N.H. 515, 519 (2012), we are unable to discern the statutory grounds upon which the trial court denied the defendant's petitions. Under these circumstances, therefore, we vacate the trial court's orders. Cf. Stowell v. Andrews, 171 N.H. 289, 299-300, 304 (2018) (vacating trial court's conflicting rulings concerning the nature of easements and the relocation of trails).

In the interests of judicial economy, we address the arguments of the parties that are likely to arise on remand. See Auger v. Town of Strafford, 156 N.H. 64, 67 (2007); State v. Robinson, 158 N.H. 792, 795-96 (2009). Analyzing the issues in this appeal requires that we engage in statutory interpretation.

---

[1] Although the defendant also brought a petition to annul a May 2007 conviction for disorderly conduct, she does not challenge the denial of that petition on appeal.

We review the trial court's statutory interpretation de novo. State v. Bobola, 168 N.H. 771, 773 (2016). We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. Id. When examining the language of the statute, we ascribe the plain and ordinary meaning to the words used. Id. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also interpret a statute in the context of the overall statutory scheme and not in isolation. Id. Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme. Id.

RSA 651:5 sets forth the procedural prerequisites to obtaining annulments. Id. The statute provides, in pertinent part:

I. Except as provided in paragraphs V-VIII, the record of arrest, conviction and sentence of any person may be annulled by the sentencing court at any time in response to a petition for annulment which is timely brought in accordance with the provisions of this section if in the opinion of the court, the annulment will assist in the petitioner's rehabilitation and will be consistent with the public welfare. The court may grant or deny an annulment without a hearing, unless a hearing is requested by the petitioner.

II. For an offense disposed of before January 1, 2019 and any offense not subject to paragraph II-a, any person whose arrest has resulted in a finding of not guilty, or whose case was dismissed or not prosecuted, may petition for annulment of the arrest record or court record, or both, at any time in accordance with the provisions of this section. Any person who was convicted of a criminal offense whose conviction was subsequently vacated by a court may petition for annulment of the arrest record or court record, or both, in accordance with the provisions of this section. Nothing in this paragraph shall limit the provisions of subparagraph XI(b).

III. Except as provided in RSA 265-A:21 or in paragraphs V and VI, any person convicted of an offense may petition for annulment of the record of arrest, conviction, and sentence when the petitioner has completed all the terms and conditions of the sentence and has thereafter been convicted of no other crime, except a motor vehicle offense classified as a violation other than driving while intoxicated under RSA 265-A:2, I, RSA 265:82, or RSA 265:82-a for a period of time as follows:

3

(a)(1) For a violation with a conviction date prior to January 1, 2019 or a violation with a conviction date on or after January 1, 2019 that was not the highest offense of conviction, one year, unless the underlying conviction was for an offense specified under RSA 259:39.

. . . .

(b)(1) For a class B misdemeanor with a conviction date prior to January 1, 2019 or a class B misdemeanor with a conviction date on or after January 1, 2019 that was not the highest offense of conviction, except as provided in subparagraphs (f) and (h), 2 years.

. . . .

(c) For a class A misdemeanor except as provided in subparagraphs (f) and (i), 3 years.

. . . .

V. No petition shall be brought and no annulment granted in the case of any violent crime, of felony obstruction of justice crimes, or of any offense for which the petitioner was sentenced to an extended term of imprisonment under RSA 651:6.

VI. If a person has been convicted of more than one offense, no petition for annulment shall be brought and no annulment granted:

(a) If annulment of any part of the record is barred under paragraph V; or

(b) Until the time requirements under paragraphs III and IV for all offenses of record have been met.

. . . .

VII. If, prior to disposition by the court of a petition for annulment, the petitioner is charged with an offense conviction for which would bar such annulment under paragraph V or VI(a) or would extend the time requirements under paragraphs III, IV and VI(b), the petition shall not be acted upon until the charge is disposed.

VIII. Any petition for annulment which does not meet the requirements of paragraphs III-VI shall be dismissed without a hearing.

RSA 651:5.

The defendant first addresses her petitions to annul the records of arrests or charges that did not result in convictions. She contends that if the trial court denied those petitions, either because it found them to be untimely under paragraph III of the statute, or because it improperly applied paragraph VI(b), then it erred. We agree.

Petitions to annul charges that do not result in convictions are governed by RSA 651:5, II. That provision allows such petitions to be brought "at any time." RSA 651:5, II. In State v. Skinner, we explained that "an individual whose arrest has resulted in an acquittal or whose charges have been nol prossed or dismissed may petition to annul the arrest record 'at any time.'" State v. Skinner, 149 N.H. 102, 103 (2003) (quoting RSA 651:5, II). We also explained that paragraph VI(b) does not apply to petitions to annul records of arrests or charges that do not result in convictions. Skinner, 149 N.H. at 104. Rather, paragraph VI(b) applies only to "individuals seeking to annul convictions." Id. Thus, if the trial court deemed the defendant's petitions to annul the charges that did not result in convictions untimely under paragraph III, it erred. Similarly, if the trial court applied paragraph VI(b) to those petitions, it also erred.

The State "does not dispute that the time requirements in paragraph III do not apply to petitions brought pursuant to paragraph II." In addition, the State agrees, as a general matter, that paragraph VI(b) does not apply to such petitions. However, the State argues that when a charge that does not result in a conviction (a non-conviction charge) arises from the same "case" as a charge that results in a conviction (a conviction charge), a petition to annul the non-conviction charge cannot be brought until the conviction charge is eligible for annulment. See Bobola, 168 N.H. at 777-78 (nol prossed assault charge was ineligible for annulment under paragraph II until assault charge for which defendant was convicted was eligible for annulment because both charges were part of the same "case" under RSA 651:5).

In Bobola, we explained that "[t]he plain meaning of 'case," as that term is used in RSA 651:5, "is the matters of fact or condition involved in a suit: a suit or action in law or equity." Id. at 777 (quotation omitted). Bobola involved two separately indicted assault charges; one resulted in a conviction and the other was nol prossed. Id. at 772. Both indictments alleged that the defendant committed the same criminal act, on the same date and in the same location, and both charges were scheduled to be tried together. Id. at 777. Under those circumstances, we concluded that the two assault charges at issue were part of the same "case" primarily because they were alternative theories of the same criminal act. Id.

The State contends that because the prosecution nol prossed the defendant's May 2007 charges of simple assault and contempt of a bail order on the same day that she pled guilty to an April 2007 reduced charge of simple assault, the only reasonable conclusion is that the State nol prossed the May 2007 charges in exchange for her guilty plea on the April 2007 charge. Therefore, the State concludes, "the charges were all part of the same 'case.'" We disagree. The April 2007 and May 2007 charges allege different criminal conduct occurring at different times, and the charges arising from those separate events do not become part of the same "case" merely because they may have been resolved in a global plea agreement.

The defendant next addresses her petitions to annul the October 2007 conviction[2] and two November 2012 convictions for simple assault. She contends that her petitions to annul those convictions were timely brought under RSA 651:5, III and that RSA 651:5, VI(b) does not bar those petitions. We agree.

According to the plain language of RSA 651:5, III, a defendant's petition for annulment of a conviction is eligible to be considered by the court if, at the time the petition is filed, the defendant has completed all of the terms and conditions of the sentence imposed for the conviction and the defendant has been conviction-free for a period of time designated by the statute, which begins to run once the defendant has completed all of the terms and conditions of the sentence. See RSA 651:5, III (a)-(i); Bobola, 168 N.H. at 774-76; State v. Patterson, 145 N.H. 462, 465 (2000).

The defendant completed her sentence on the October 1, 2007 conviction on October 1, 2008. She completed her sentence on one of the November 1, 2012 convictions on November 1, 2013, and she thereafter completed her sentence on the other November 1, 2012 conviction on November 1, 2014. Each conviction was for a misdemeanor or violation-level offense that, in order to be eligible for annulment, required the defendant to have been conviction-free for a period of, at most, three years following completion of her sentences. See RSA 651:5, III, VI(b). In other words, the defendant could not petition to

---

[2] To the extent that the State argues that the defendant's October 2007 conviction for simple assault is barred from annulment by RSA 651:5, VI(a) because that "case" involved a "violent crime," as those terms are used in RSA 651:5, we disagree. RSA 651:5, VI(a) prohibits defendants with multiple convictions from bringing any petition for annulment, or any annulment petition being granted, "[i]f annulment of any part of the record is barred under paragraph V." Paragraph V states: "No petition shall be brought and no annulment granted in the case of any violent crime, of felony obstruction of justice crimes, or of any offense for which the petitioner was sentenced to an extended term of imprisonment under RSA 651:6." RSA 651:5, V. Included within the definition of "violent crime," provided in paragraph XIII, is "[f]irst degree assault under RSA 631:1." RSA 651:5, XIII(b). We conclude that the defendant's October 2007 conviction for simple assault was not a "case" involving a "violent crime," as those terms are used in RSA 651:5, because the charge for first-degree assault was no longer a matter of fact or condition involved in the suit after being amended to a charge of simple assault by the State. See Bobola, 168 N.H. at 777.

6

annul her October 1, 2007 conviction until, at the earliest, October 2011 (three years after that sentence was completed); she could not petition to annul one of her November 1, 2012 convictions until, at the earliest, November 2016 (three years after that sentence was completed); and she could not petition to annul the other November 1, 2012 conviction until, at the earliest, November 2017 (three years after that sentence was completed).

However, according to the plain language of RSA 651:5, VI(b), because the defendant was convicted "of more than one offense," her petitions to annul her October 1, 2007 conviction and her November 1, 2012 convictions could not be brought until "the time requirements under paragraphs III and IV for all offenses of record" were met. RSA 651:5, VI(b).[3] The State argues, and the defendant does not dispute, that her last conviction of record occurred on August 13, 2015.[4] Thus, the defendant could not petition to annul her October 1, 2007 conviction or her November 2012 convictions until three years after she completed her sentence on the August 13, 2015 conviction. The parties agree that the defendant completed her sentence on the August 13, 2015 conviction on that same date. Therefore, to be timely, her petitions to annul could not have been filed until August 13, 2018. The defendant's petitions, filed on August 30, 2018, were, thus, timely.

In arguing for a contrary conclusion, the State asserts that the defendant's petitions to annul her November 2012 convictions were untimely because her August 2015 conviction occurred within the three-year conviction-free period following the completion of her sentences in November 2013 and November 2014. In other words, the State asserts that the conviction-free period must be measured from the date on which the defendant completed the terms and conditions of the sentence for the conviction she seeks to annul, rather than from the date on which she completed the terms and conditions of her last sentence.

We disagree with the State's construction of the annulment statute, the purpose of which is "to reduce the collateral consequences of a criminal conviction and to afford an offender a chance to start anew without this stigma in his record." Wolfgram v. N.H. Dept. of Safety, 169 N.H. 32, 36 (2016) (quotation and ellipsis omitted). RSA 651:5, III includes no language suggesting that, as a condition to any annulment, a defendant must satisfy the prescribed conviction-free period at the first opportunity, or, in other words, immediately following completion of the defendant's sentence.

---

[3] Paragraph IV provides: "If a petition for annulment is denied, no further petition shall be brought more frequently than every 3 years thereafter." RSA 651:5, IV. There is no allegation that the defendant's petitions were prohibited from annulment by paragraph IV.

[4] On that date, the defendant was convicted of a misdemeanor for displaying a false registration or inspection sticker, and the trial court imposed a fine.

7

The State's reading of paragraph III and paragraph VI(b), taken together, results in a perpetual statutory bar to annulment for any defendant with multiple convictions who failed to satisfy the conviction-free requirement of paragraph III on the first opportunity for any conviction, even if the defendant had been conviction-free for the period of time required by the statute when the petition to annul was ultimately filed. See RSA 651:5, VI(b); Bobola, 168 N.H. at 774 (stating that "under RSA 651:5, VI, if a person is convicted of multiple offenses, he may not be granted an annulment as to any of the convictions until the time requirements of RSA 651:5, III are met for all the convictions"). The draconian interpretation advanced by the State here is not supported by the statutory language set forth in RSA 651:5 and, given the statute's purpose, see Wolfgram, 169 N.H. at 36, we do not believe that the legislature intended the statute to operate in such a manner.

We agree with the defendant that, if the legislature had intended to preclude a petition to annul whenever a conviction is followed by a subsequent conviction, it could have ended paragraph III with the words "and has thereafter been convicted of no other crime." See RSA 651:5, III. Alternatively, the legislature could have explicitly specified that a defendant's only opportunity to satisfy the conviction-free time requirement occurs immediately following completion of the defendant's sentence. We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. See Bobola, 168 N.H. at 773.

Our interpretation of paragraph III finds further support in paragraph VII. Paragraph VII directs a court not to act upon a petition for annulment if "the petitioner is charged with an offense conviction for which would bar such annulment under paragraph V or VI(a) or would extend the time requirements under paragraphs III, IV and VI(b)," until the charge is disposed. RSA 651:5, VII (emphasis added). Under paragraph VII, the time requirements of paragraph III are extended when the defendant has a subsequent conviction, and the subsequent conviction does not bar annulment of the prior conviction.

Finally, the State argues that, because the Judicial Branch petition to annul form includes language from RSA 651:5, III, but makes no mention of the conviction-free requirements set forth in paragraph III, "it appears that the Judicial Branch has interpreted paragraph III as making the subsequent entry of any applicable conviction a bar to the annulment." We are not persuaded that the limited language contained in a general Judicial Branch form addresses the issue before us here. We interpret a statute by ascribing the plain and ordinary meaning to the words used by the legislature, see Bobola, 168 N.H. at 773, not by construing the language set forth in a Judicial Branch form. We conclude that our interpretation of the statute implements the intent of the legislature as evidenced by the plain language of the statute. However, if the

legislature disagrees with our statutory interpretation, it is free to amend the statute as it sees fit.  Id. at 778-79.

For the foregoing reasons, we conclude that the defendant's records of convictions and of arrests or charges not resulting in conviction are eligible to be petitioned for annulment pursuant to RSA 651:5, II, III, and are not barred from annulment by paragraph V or VI.  Accordingly, we vacate the trial court's denial of the defendant's petitions and remand for the court to exercise the discretion afforded to it by RSA 651:5, I, in determining whether granting the defendant's petitions for annulment will assist in her rehabilitation and is consistent with the public welfare.  RSA 651:5; see Baker, 164 N.H. at 300.

Vacated and remanded.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.